IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
J.E., THROUGH HIS PARENT      )   CIV. NO. 14-00399 HG-BMK
SUZANNE EGAN, for themselves  )
and on behalf of a class of   )
those similarly situated; and )
the HAWAII DISABILITY RIGHTS  )
CENTER, in a representative   )
capacity on behalf of its     )
clients and all others        )
similarly situated,           )
                              )
          Plaintiffs,         )
                              )
     vs.                      )
                              )
RACHEL WONG, in her official  )
capacity as Director of the   )
State of Hawaii, Department   )
of Human Services,            )
                              )
          Defendant.          )
_____ )
```

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF NO. 108), AS MODIFIED**

Before the Court is Plaintiffs' Motion for Class Certification (Doc. 78). The Magistrate Judge heard the Motion on January 26, 2016. After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Magistrate Judge recommended that the Motion be DENIED. The Court adopts the findings and recommendation of the Magistrate Judge, as modified.

As discussed in more detail below, critical issues in this case remain unclear:  whether Defendant Department of Human Services (DHS) has a policy regarding applied behavioral analysis (ABA) treatment, whether DHS used that policy to deny ABA treatment or reimbursement for such treatment, and whether Plaintiff J.E. or other proposed class members were denied treatment.  These issues overlap with the certification inquiry and are relevant to the Court's analysis of class certification.  Given these uncertainties, the Court finds that Plaintiffs have not established that class certification is appropriate at this time.  Class certification is denied as premature.

## FACTUAL BACKGROUND

Plaintiff J.E. is six years old, qualifies for Medicaid, and has been diagnosed with autism.  (Second Amended Complaint (SAC) ¶¶ 66, 68.)  Several professionals have recommended ABA treatment for J.E.'s condition.  (Id. ¶ 69.)  Plaintiffs contend that this treatment is medically necessary for J.E. to correct, maintain, or ameliorate the effects of his disability.  (Id.)  Although J.E. may have initially been informed by DHS that ABA treatment would not be covered,

Plaintiffs state that DHS eventually reimbursed his provider for the treatment. Plaintiff Hawaii Disability Rights Center (HDRC) is a nonprofit corporation whose purpose is to protect and advocate for the legal and civil rights of people with disabilities. (Id. ¶ 21.)

Plaintiffs J.E. and HDRC bring this lawsuit on behalf of the following proposed class:

> All former, current, and future Medicaid-eligible persons in Hawai`i under the age of twenty-one who have been diagnosed with an Autism Spectrum Disorder ("autism") and prescribed or recommended applied behavioral analysis ("ABA") treatment to ameliorate their condition.

(Motion at 1, SAC ¶¶ 76-77.) Plaintiffs claim that DHS has a blanket policy, whereby it does not provide Medicaid coverage for ABA treatment regardless of medical necessity and, thus, fails to comply with the Medicaid Act. (SAC ¶ 1.)

## DISCUSSION

Plaintiffs move for certification of its proposed class. A plaintiff moving to certify a class has the burden of showing that the proposed class satisfies the requirements of Federal Rules of Civil Procedure Rule 23. See Wal-Mart Stores, Inc. v. Dukes, 131 S.Ct. 2541, 2548 (2011). Rule 23(a)

states four threshold requirements applicable to all class actions:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These requirements are known as numerosity, commonality, typicality, and adequacy of representation. See United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union v. ConocoPhillips Co., 593 F.3d 802, 806 (9th Cir. 2010). If the prerequisites of Rule 23(a) are met, the Court must next consider whether the class is maintainable under one or more of the three alternatives set forth in Rule 23(b). Narouz v. Charter Communs., LLC, 591 F.3d 1261, 1266 (9th Cir. 2010).

The court must conduct a "rigorous analysis" to determine whether the prerequisites of Rule 23 have been met. Gen. Tel. Co. v. Falcon, 457 U.S. 147, 161 (1982). "[T]he merits of the class members' substantive claims are often highly relevant when determining whether to certify a class. More

importantly, it is not correct to say a district court may consider the merits to the extent that they overlap with class certification issues; rather, a district court <u>must</u> consider the merits if they overlap with Rule 23(a) requirements." <u>Ellis v. Costco Wholesale Corp.</u>, 657 F.3d 970, 981 (9th Cir. 2011) (emphasis added).  The district court does not determine if the class "could actually prevail on the merits of their claims."  <u>Id.</u> at 983 n.8; <u>United Steel</u>, 593 F.3d at 808 (citation omitted) (courts may inquire into the substance of a case in applying the Rule 23 factors, however, courts "may not go so far . . . as to judge the validity of these claims"). If the court is not fully satisfied that the requirements of Rule 23 have been met, certification should be denied.  <u>Falcon</u>, 457 U.S. at 161.

As to numerosity, Plaintiffs allege that "the estimated number of eligible Medicaid recipients with autism under the age of eighteen is 1,624."  (Reply at 6 n.5.) Plaintiffs concede, however, that this number is "based on percentages and general data" and does "not identify recipients who were prescribed or recommended ABA."  In order to determine which of these minors were prescribed ABA, which is a

requirement of class membership, Plaintiffs acknowledge that each minor's medical records would need to be reviewed.  The Court finds that, at this time, Plaintiffs have not yet "prove[n] that there are in fact sufficiently numerous parties."  Wal-Mart Stores, Inc., 131 S.Ct. at 2551 (emphasis in original); Baker v. Castle & Cooke Homes Hawaii, Inc., Civ. No. 11-00616 SOM-RLP, 2014 WL 1669158, at *4 (D. Haw. April 28, 2014).

"Commonality exists where class members' situations share a common issue of law or fact, and are sufficiently parallel to insure a vigorous and full presentation of all claims for relief."  Wolin v. Jaguar Land Rover N. Am., LLC, 617 F.3d 1168, 1172 (9th Cir. 2010).  Typicality is satisfied where the representative parties' claims and class members' claims arise "from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."  Rodriguez v. Hayes, 591 F.3d 1105, 1124 (9th Cir. 2010); Fed. R. Civ. P. 23(a).  The Ninth Circuit has noted that the "commonality and typicality requirements of FRCP 23(a) tend to merge."  Meyer v. Portfolio Recovery Assocs., LLC, 707 F.3d 1036, 1041 (9th Cir. 2012).

In this case, based on the evidence before the Court, several critical issues as to commonality and typicality remain unclear.  First, it is unclear whether DHS in fact has a policy regarding ABA treatment and what that policy is.  Plaintiffs allege that DHS has a "blanket policy not to cover the cost of ABA treatment" but later concedes that DHS reimbursed J.E.'s provider for his ABA treatment.  (Motion at 5.)  In an effort to establish DHS's policy, Plaintiffs state that J.E.'s mother was told that ABA treatment would not be covered, and they point to testimony before the state legislature regarding ABA treatment.  Although this Court is not opining on whether a policy in fact exists, the evidence before the Court suggests that this issue is unsettled.

Additionally, it is also unclear whether J.E. or any proposed class members were ever denied ABA treatment.  According to Plaintiffs, J.E.'s mother "learned that ABA treatment was not covered by Medicaid," but his application was later "accepted by DHS for J.E. to receive Medicaid-covered ABA treatment from a private provider."  (Motion at 11.)  Further, as noted above, it is unclear whether any members of the proposed class were denied ABA treatment or reimbursement.  Plaintiffs

7

point to no evidence showing that any minors were ever denied treatment or reimbursement.[1]  Because Plaintiffs have not yet identified any class members and do not know whether they were prescribed ABA and/or denied that treatment, it is premature to determine whether class members share a common issue of law or fact.

With respect to adequacy of representation, "[r]equiring the claims of the class representatives to be adequately representative of the class as a whole ensures that the interests of absent class members are adequately protected."  Walters v. Reno, 145 F.3d 1036, 1046 (9th Cir. 1998).  Although the Court does not question the adequacy of Plaintiffs' counsel to represent class members, the Court's concern, as stated above, is whether DHS has a blanket policy on ABA treatment and whether J.E. shares common issues of law or fact with class members.  These issues overlap with class certification requirements, are "highly relevant" to this Court's inquiry, and must be considered.  Falcon, 457 U.S. at

---

[1] Plaintiffs point to Exhibit G, which is a letter from Matthew C. Basset to the DHS Hearings Office.  In that letter, Basset requests a formal appeal hearing regarding his client's "continued eligibility for ABA services."  It is unknown whether the client was prescribed ABA treatment and whether DHS in fact denied treatment or reimbursement.

161; Ellis, 657 F.3d at 981.

Given the unsettled issues in this case, the Court finds that class certification is premature at this time. Plaintiffs are unable to satisfy the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a). Wal-Mart Stores, 131 S.Ct. at 2551. The Court finds that class certification under Rule 23 must be denied.

## CONCLUSION

For the foregoing reasons, the Court adopts the findings and recommendation of the Magistrate Judge (ECF No. 108), as modified. Plaintiffs' Motion for Class Certification (Doc. 78) is DENIED without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 17, 2016.

/s/ Helen Gillmor
Helen Gillmor
United States District Judge

J.E., et al. v. Rachel Wong, CIV. NO. 14-00399 HG-BMK, **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF NO. 108), AS MODIFIED.**