IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| J.E., THROUGH HIS PARENT SUZANNE EGAN, for themselves and on behalf of a class of those similarly situated; and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated, | ) CIV. NO. 14-00399 HG-KJM ) ) AMENDED FINDINGS AND ) RECOMMENDATION TO GRANT IN ) PART AND DENY IN PART ) PLAINTIFFS' MOTION FOR ) ATTORNEYS' FEES AND RELATED ) NON-TAXABLE EXPENSES ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| RACHAEL WONG, in her official capacity as Director of the State of Hawaii, Department of Human Services, | ) ) ) ) ) |
| Defendant. | ) ) ) |

AMENDED FINDINGS AND RECOMMENDATION TO
GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR
ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES[1]

The instant action arises from claims filed against

Rachel Wong, in her capacity as Director of the State

of Hawaii's Department of Human Services ("the State")

by Plaintiff J.E., through his parent Suzanne Egan, for

themselves and on behalf of a class of those similarly

situated; and the Hawaii Disability Rights Center

("HDRC"), in a representative capacity on behalf of its

clients and all others similarly situated

(collectively, "Plaintiffs").  Plaintiffs alleged that

the State had been precluding the State Medicaid

program from covering Applied Behavior Analysis ("ABA")

as a treatment for autistic children and young adults,

---

[1]   After briefing was closed by Court order [ECF No. 155],
Plaintiffs filed their "Motion for Leave to Supplement
Plaintiffs' Motion for Attorneys' Fees and Related Non-Taxable
Expenses [ECF No. 126]" ("Motion for Leave to Supplement") on
June 30, 2017.  *See* ECF No. 162.  The instant Findings and
Recommendation addresses only the attorneys' fees requested by
Plaintiffs for: (1) the period beginning on 07/16/14 and ending
on 06/06/16 for Alston Hunt Floyd Ing; and (2) the period
beginning on 06/24/14 and ending on 08/12/16 for the Hawaii
Disability Rights Center.  *See* ECF Nos. 126-6 (08/26/16 Fees
breakdown from Alston Hunt Floyd Ing) & 126-10 (08/26/16 Fees
breakdown from Hawaii Disability Rights Center).  The Motion for
Leave to Supplement, which requests fees for the time period
beginning on 08/25/16 and ending in July of 2017, will be
received and ruled upon separately.  *See* ECF No. 162-4 (06/30/17
Fees breakdown from Alston Hunt Floyd Ing).

in violation of the Medicaid Act's early and periodic screening, diagnostic, and treatment services mandate. ECF No. 123 at 1-2.  In addition, Plaintiffs alleged that the State failed to inform eligible persons that ABA was an available early and periodic screening, diagnostic, and treatment service.  *Id*.

On August 12, 2016, the district court issued its Order Granting, in Part, and Denying in Part, Plaintiffs' Motion for Summary Judgment ("08/12/16 Order").  *See* ECF No. 123.  In its 08/12/16 Order, the district court found that Plaintiffs were the prevailing party in this action because they had achieved a "judicially-sanctioned material alteration of the legal relationship of the parties" through the district court's entry of summary judgment.  *Id*. at 48. The district court thus granted Plaintiffs' request for an award of reasonable costs and attorneys' fees and costs pursuant to 42 U.S.C. § 1988.  *Id*.  In granting Plaintiffs' request for fees, the district court also concluded that Plaintiffs were "entitled to attorneys' fees in presenting their entire case," even though

there were issues that were either unresolved or on which Plaintiffs did not prevail. *Id*. at 48-49.

The district court's 08/12/16 Order resolved the issue of whether Plaintiffs are entitled to attorneys' fees. Accordingly, the only issue before this Court is the reasonableness of the fees requested by Plaintiffs.

PROCEDURAL HISTORY OF MOTION FOR ATTORNEYS'
FEES AND NON-RELATED TAXABLE EXPENSES

Plaintiffs filed the instant Motion for Attorneys' Fees and Related Non-Taxable Expenses on August 26, 2017 ("Fees Motion"). *See* ECF No. 126. The State filed its Opposition on October 13, 2016. *See* ECF No. 130. The State's Opposition includes a 90-page Declaration of James P. Schratz ("Mr. Schratz's Declaration" or "the Schratz Declaration"). *See* ECF No. 130-3. Plaintiffs filed their Reply on October 17, 2016 ("Plaintiffs' Reply"). *See* ECF No. 131.

In Plaintiffs' Reply, Plaintiffs opposed the State's use of Mr. Schratz's Declaration in the State's Opposition and requested that the Court exclude Mr. Schratz's testimony. *Id*. at 20-21. In the

4

alternative, Plaintiffs request that they be allowed to take discovery, including a deposition of Mr. Schratz and request for production of documents to cross-examine Mr. Schratz's opinions. *Id.* at 21.

This Court denied Plaintiffs' request to take discovery or depose Mr. Schratz; however, the Court permitted Plaintiffs to submit a rebuttal to Mr. Schratz's testimony and also permitted the State to submit a reply to Plaintiffs' rebuttal. *See* ECF No. 132. Plaintiffs submitted their rebuttal on November 17, 2016 ("Plaintiffs' Schratz Rebuttal"). *See* ECF No. 133. The State filed its Reply to Plaintiffs' Rebuttal on December 1, 2016 ("the State's Schratz Reply"). *See* ECF No. 134.

On December 5, 2016, Plaintiffs filed a Motion for Leave to Supplement their Schratz Rebuttal ("Motion for Leave to Supplement"), asserting that Plaintiffs had new material evidence that contradicted representations made by the State's counsel in the State's Schratz Reply. ECF No. 135 at 3. The Court granted Plaintiffs' Motion for Leave to Supplement. ECF No.

136.  Plaintiffs filed their Supplement to the Schratz
Rebuttal on December 20, 2016.  *See* ECF No. 137.

Two days later, the State filed a Motion for Leave
to File a Reply to Plaintiffs' Supplement to the
Rebuttal ("the State's Motion for Leave to File a
Reply").  *See* ECF No. 138.  The Court held a hearing on
the State's Motion for Leave to File a Reply, at which
time the Court denied the State's Motion for Leave to
File a Reply.  *See* ECF No. 146.  The Court ordered the
parties to meet and confer and to file Statements of
Consultations no later than February 16, 2017.  *Id*.

On February 23, 2017, at Plaintiffs' request, the
Court held a settlement conference on Plaintiffs' Fees
Motion.  ECF No. 150.  The parties did not reach a
settlement at that time.  The Court held a further
settlement conference on March 3, 2017.  *See* ECF No.
153.

On March 10, 2017, the parties reached a settlement
subject to legislative approval, which would be
memorialized in a letter agreement between the parties.
*See* ECF No. 155.  The Court noted, however, that if the

6

State could not obtain legislative approval during the current legislative session, Plaintiffs could re-notice the Fees Motion, which the Court would deem timely filed.  The Court indicated, however, that it would not permit any further briefing on the Fees Motion.  *Id*.

The State was unable to obtain legislative approval of the settlement.  Plaintiffs filed their Request for a Decision on the Fees Motion on June 23, 2017, requesting that the Court issue a decision on the Fees Motion.  *See* ECF No. 160.

DISCUSSION

I.  The State's Opposition to the Fees Motion

As an initial matter, the State relies almost entirely on the Schratz Declaration in support of its Opposition to Plaintiffs' Fees Motion.  Rather than producing its own independent review of the Fees Motion, the State relegates the entire task to a third party and effectively skirts the Local Rule page limitation by relying entirely on the 90-page Schratz Declaration.

The State's Opposition is only fifteen pages in length and is nothing more than a bare bones recitation of the contents of Mr. Schratz's Declaration without a single citation to Plaintiffs' Fees Motion. *See* ECF No. 130. The State's Opposition brief thus simply substitutes the Schratz Declaration as its Opposition brief.

Local Rule 7.5(a) provides that an opposition to any motion must not exceed thirty (30) pages in length unless the opposition complies with Rule 7.5(b) and (e). The State complied with neither Rule 7.5(b) nor (e). *See* LR7.5(b) (permitting an opposition brief to exceed the 30-page limitation if it contained no more than 9,000 words); LR7.5(e) (requiring a certification by the filing party that, although the document exceeds LR7.5(a)'s page limitation, the document complies with the word limitation in LR7.5(b)). Accordingly, despite not having reached the page limitation of Rule 7.5(a) in its Opposition brief, the State nonetheless exceeds the permissible page and word limitation by substituting Mr. Schratz's Declaration for the State's

substantive Opposition.  The Court cautions the State that any future oppositions to fees motions without any independent analysis or substantive argument may forfeit any objections presented by the State.  *See Kalani v. Starbucks Corp.*, No. 13-CV-00734-LHK, 2016 WL 379623, at *5 (N.D. Cal. Feb. 1, 2016) (cautioning defendant that future submissions in which the defendant substituted a declaration from Mr. Schratz as a substitute for a substantive opposition could be deemed to forfeit any objection to plaintiff's requested fees).

## II.  The Schratz Declaration

Plaintiffs request that this Court exclude Mr. Schratz' testimony because "he is not qualified to testify as an expert on market rates in Honolulu, has no direct experience with the issues litigated in this case, and his opinions will not be helpful to this Court."  ECF No. 131 at 18.  Plaintiffs further contend that Mr. Schratz's testimony is "inappropriate evidence" because it fails to comply with the

requirements of Federal Rule of Civil Procedure 26 and
is also an unfair surprise to Plaintiffs. *Id.* at 17.

The State counters that Rule 26 does not apply in
this instance because the State could not have known it
would require assistance on Plaintiffs' fee request
until after Plaintiffs had filed their Fees Motion.
ECF No. 134 at 3-4. The State argues that this Court
may accept Mr. Schratz's opinions on the Fees Motion
because Mr. Schratz qualifies as an expert witness
under Federal Rule of Evidence 702 and *Daubert v.
Merrell Dow Pharmaceutical, Inc.*, 509 U.S. 579 (1993).
*Id.* at 4-5. The State contends that Mr. Schratz's
opinions are helpful and reliable; thus, this Court
should accept the Schratz Declaration to "aid the Court
in determining what reductions would be appropriate."
*Id.* at 6.

A.  Mr. Schratz's Testimony Under Rule 702

Pursuant to Federal Rule of Evidence 702, an expert
qualified by "knowledge, skill, expertise, training, or
education" may testify in the form of an opinion or
otherwise if such testimony is based on "scientific,

10

technical, or other specialized knowledge that will

help the trier of fact to understand the evidence or to

determine a fact in issue." Fed. R. Evid. 702(a).  In

addition, the testimony must be "based on sufficient

facts or data" and "the product of reliable principles

and methods." *Id*. 702(b), (c).  Finally, the "expert

must have reliably applied the principles and methods

to the facts of the case." *Id*. 702(c).

Despite the parties' briefings on this issue, the

Court is not convinced that Rule 702 applies to the

Schratz Declaration.  The State's Opposition does not

assert that the State retained Mr. Schratz to serve as

an expert witness or prepare expert opinions on behalf

of the State in connection with the litigation.

Rather, the State's Opposition simply includes the

Schratz Declaration without explanation.  Submitting a

declaration or affidavit prepared by an individual with

expertise in a given field of study does not

automatically transform that individual's testimony

into expert testimony under Rule 702.  For a number of

reasons, the Court finds that the opinions contained in

11

the Schratz Declaration do not constitute "expert testimony" within the ambit of Rule 702.

First, Mr. Schratz's opinions on the reasonable hourly rates requested by Alston Hunt Floyd Ing ("AHFI") are not based on any scientific, technical, or specialized knowledge.  The Court is well-aware of the prevailing attorney rates in this district.  If the State was not aware of the prevailing rates in this district, the State could have done its own survey.  Reliance on an expert was not necessary on this issue.

Notably, even if Mr. Schratz's opinions on the prevailing rates were based on specialized knowledge, the Court does not find such opinions to be persuasive.  Mr. Schratz devotes six pages exclusively to opposing Mr. Alston's requested hourly rate, citing to numerous outdated and irrelevant cases without any analysis of Mr. Alston's reputation or extensive experience with civil rights litigation against the State of Hawaiʻi.  For example, Mr. Schratz fails to acknowledge the most recently awarded hourly rate of $500 this district awarded to Mr. Alston in 2015.  *See Booth v. Wong*, No.

12

CIV. 10-00680 DKW, 2015 WL 4663994, at *3 (D. Haw. July 17, 2015), *adopted by*, 2015 WL 4676343 (D. Haw. Aug. 5, 2015) (awarding Mr. Alston an hourly rate of $500 for work performed between 2010-2013).

While Mr. Schratz spends an unnecessary amount of time on Mr. Alston's hourly rate, he fails to discuss any of Ms. Holland's, Ms. Abouzari's, or Ms. Osika's qualifications or skills in support of his opinion that their rates are excessive. Rather, Mr. Schratz summarily points to a recent decision issued by this Court that did not involve any of the issues or any of the attorneys or paralegals in this case. *See* ECF No. 130-3 at 33 (citing *Pelayo v. Platinum Limousine Servs., Inc.*, No. CV 15-00023 DKW-KJM, 2016 WL 7734557, at *14 (D. Haw. June 6, 2016), *adopted in part and modified to increase hourly rate of attorneys*, 2016 WL 5402185 (D. Haw. Sept. 27, 2016). Because Mr. Schratz's opinions of the hourly rates for AHFI attorneys are not based on scientific, technical, or specialized knowledge, the Court finds that Mr.

Schratz's statements on reasonable hourly rates in his
declaration do not constitute expert testimony.

Second, Mr. Schratz offers his opinion on the
specific percentage the Court should use to reduce
certain hours and also what he considers a reasonable
amount of hours to spend on certain tasks such as
intra-office conferencing, pleadings, and motions.  Mr.
Schratz fails, however, to support any of these
opinions with sufficient facts or reliable evidence.

For example, Mr. Schratz opines that the
"conference in this case goes well beyond what is
normally considered necessary and productive."  ECF No.
130-3 at 58-59.  In support, Mr. Schratz offers two
cases in which he performed audits, in which only 1.9%
of the hours billed by these firms were spent on intra-
office conferencing.  Mr. Schratz provides no further
context on these cases, does not explain how these
cases are similar to this case, and then proceeds to
opine, without any support, that conferencing in a case
"should not exceed" more than 4% of the total fees.
*Id.* at 58-59.  These unsupported opinions do not

14

demonstrate the type of scientific, technical, or specialized knowledge that would help a court "understand the evidence or determine a fact in issue." Fed. R. Evid. 702(a).

Accordingly, the Court finds that a majority of the statements in the Schratz Declaration do not constitute expert testimony and thus, Rule 702 does not apply. *See In re Acceptance Ins. Co. Inc. Sec. Litig.*, 352 F. Supp. 2d 940, 946 (D. Neb. 2004), *aff'd sub nom. In re Acceptance Ins. Companies Sec. Litig.*, 423 F.3d 899 (8th Cir. 2005) (rejecting Rule 702's applicability to actuarial opinions and independent auditor reports prepared by individuals who were not retained to serve as expert witnesses or prepare expert opinions on behalf of the defendants in connection with litigation).

B.   Mr. Schratz's Testimony under Rule 26

Because this Court finds that Mr. Schratz's testimony is not expert testimony, the Court finds that the State did not have an obligation under Rule 26 to disclose Mr. Schratz.  Moreover, even if Mr. Schratz's

15

testimony constituted expert testimony, Plaintiffs do
not provide any legal authority to support their
contention that the State had a duty under Rule 26 to
disclose an expert retained for purposes of a post-
judgment motion for attorneys' fees.  Indeed, the Court
is unable to find any legal authority supporting the
contention that disclosure of expert testimony or
affidavits offered for purposes other than the merits
of a claim or defense is required under Rule 26.

Plaintiffs are no longer preparing for discovery or
trial.  Accordingly, under these circumstances, even if
the Schratz Declaration constituted expert testimony,
the Court finds no basis to conclude that Rule 26's
requirements apply in equal force in this instance as
they would to witnesses produced for trial-related
purposes. *See Advanced Analytics, Inc. v. Citigroup
Glob. Markets, Inc*., 301 F.R.D. 31, 43 (S.D.N.Y. 2014),
*objections overruled*, 301 F.R.D. 47 (S.D.N.Y. 2014) ("I
conclude that the requirements of Rule 26(a)(2) do not
apply to expert reports or expert testimony or

affidavits to the extent such material is used for non-merits purposes.").

C.  Portions of Mr. Schratz's Testimony are Helpful

As explained above, the Court finds a majority of the statements in Mr. Schratz's Declaration unnecessary and unhelpful.  Nonetheless, the Court finds value in some of Mr. Schratz's work.  Namely, the Court finds the tables containing Mr. Schratz's deconstruction of AHFI's requested hours into discrete categories such as intra-office conferencing, complaints, motion for preliminary injunction, class certification related motions, excessive time, and duplicative attendance helpful.

Mr. Schratz explains that he deconstructed each of AHFI's 908 billing entries by separating the entries by semi-colons.  ECF No. 130-3.  The Court similarly deconstructed AHFI's roughly 908 billing entries by using the "delimited" feature in Microsoft Excel, which split each distinct task separated by a semi-colon.

Similar to Mr. Schratz, the Court conducted a word search to separate out various tasks to quantify the

extent of the hours spent on these tasks. The Court grouped AHFI's entries into categories such as internal conferencing, clerical tasks, complaint, training, and hearings. The Court then organized each of these tasks by attorney. Mr. Schratz's audit methodology in deconstructing Plaintiffs' attorneys' fees is thus no different than the Court's own independent efforts separating out the hours expended on specific tasks by the AHFI attorneys. *See* ECF No. 130-3 at 35 (explaining how Mr. Schratz quantified the extent of Plaintiffs' counsels' intra-office conferencing). Accordingly, the Court finds that the tables are helpful in illustrating the Court's findings on the reasonableness of the hours spent in this case.

In addition, the Court finds that utilizing these tables would not prejudice Plaintiffs. The information contained in these tables is taken directly from AHFI's Fees Motion. The Court also permitted AHFI to submit additional briefing to rebut any of Mr. Schratz's opinions, including the information contained in these tables. The Court thus finds that a limited use of Mr.

18

Schratz's testimony, namely the tables, is helpful to
the Court and would not prejudice Plaintiffs.

The Court now turns to the main issue before the
Court—the reasonableness of Plaintiffs' requested
attorneys' fees.

## II.  The Lodestar Figure

Courts use the lodestar method for calculating an
award of reasonable attorneys' fees in Section 1983
cases.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983);
*see also* 42 U.S.C. § 1998(b).  "Under the lodestar
method, the district court multiplies the number of
hours the prevailing party reasonably expended on the
litigation by a reasonable hourly rate."  *Gonzalez v.
City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).
"The product of this computation—the 'lodestar figure'—
is a 'presumptively reasonable' fee under 42 U.S.C.
§ 1988."  *Id*.

The Court notes that the district court found that
the State had delayed in instructing Medicaid health
plans to cover claims for ABA, despite the Medicaid
Act's early and periodic screening, diagnostic and

19

treatment mandate, 42 U.S.C. § 1396 et seq.  ECF No.
123 at 45.  Plaintiffs prevailed on compelling the
State to publicize the Medicaid program's coverage of
ABA treatment.  Any fees this Court recommends should
be sufficient to induce capable attorneys to undertake
the representation of other meritorious civil rights
cases such as this one.  *Winn*, 559 U.S. 542, 552
(2010).  Notwithstanding the importance of attorneys'
fees award in civil rights actions, the fees awarded
must be reasonable and should help to enforce "civil
rights statutes, not to provide a form of economic
relief to improve the financial lot of attorneys."  *Id*.
The Court endeavors to strike such a fair balance in
this case.

A. Reasonable Hourly Rate

     The "district court must determine a reasonable
hourly rate to use for attorneys and paralegals in
computing the lodestar amount."  *Gonzalez*, 729 F.3d at
1205.  Reasonable fees under § 1988 are calculated
according to the prevailing market rates in the
relevant community.  *Dang v. Cross*, 422 F.3d 800, 813

(9th Cir. 2005); *see also Sorenson v. Mink*, 239 F.3d
1140, 1149 (9th Cir. 2001) (noting that the district
court must use the market rate to determine a fee under
§ 1988). Generally, "the relevant community is the
forum in which the district court sits." *Camacho v.
Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir.
2008).

In determining whether an hourly rate is
reasonable, the Court considers the experience, skill,
and reputation of the attorney requesting fees. *See
Webb v. Ada Cnty.*, 285 F.3d 829, 840 & n.6 (9th Cir.
2002). In addition to their own statements, attorneys
are required to submit additional evidence that the
rates charged are reasonable. *See Jordan v. Multnomah
Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987) ("The fee
applicant has the burden of producing satisfactory
evidence, in addition to the affidavits of its counsel,
that the requested rates are in line with those
prevailing in the community for similar services of
lawyers of reasonably comparable skill and
reputation."). "If the applicant satisfies its burden

of showing that the claimed rate and number of hours
are reasonable, the resulting product is presumed to be
the reasonable fee contemplated by § 1988." *Id*.

Plaintiffs request the following hourly rates for
their attorneys and paralegals:

| Name | Title | Rate/ Hour |
|---|---|---|
| Paul Alston | Partner | $647.46 |
| Louis Erteschik | Director | $300.00 |
| Kristin Holland | Of Counsel | $375.00 |
| Aryanna Abouzari | Associate | $250.00 |
| Maile Osika | Associate | $185.00 |
| Wendi A. Chang | Paralegal | $135.00 |
| Kelly Guadagno | Paralegal | $130.00 |
| Kanani Akina-Lee | Paralegal | $135.00 |
| Samson W. Lee | Litigation Support Assistant | $50.00 |

In support of their requested rates, Paul Alston, Esq.,
Kristin Holland, Esq., and Louis Erteschik, Esq. each
submit declarations. *See* ECF No. 126-2 to 126-4.  In
addition, Plaintiffs submit two decisions issued by
Ninth Circuit Appellate Commissioners, containing
various rates awarded to AHFI attorneys, HDRC
attorneys, and AHFI paralegals, for work performed from
2012-2013 in an Individual with Disabilities Education
Act case. *See* ECF No. 126-11 to 126-12.

22

The State argues that AHFI's rates are excessive.
The States contend that "case law strongly supports" a
reduction of the rates.  The State proposes the
following reduced hourly rates:

| Name | Title | Rate/ Hour |
|------|-------|------------|
| Paul Alston | Partner | $425 |
| Louis Erteschik | Director | $300 |
| Kristin Holland | Of Counsel | $275 |
| Aryanna Abouzari | Associate | $200 |
| Maile Osika | Associate | $150 |
| Wendi A. Chang | Paralegal | $85 |
| Kelly Guadagno | Paralegal | $85 |
| Kanani Akina-Lee | Paralegal | $35 |
| Samson W. Lee | Litigation Support Assistant | $35 |

The State does not, however, cite to any case law nor
does the State provide any evidence to support the
foregoing rates in its Opposition.

The Court has reviewed the declaration and
exhibits submitted by Plaintiffs, the record in this
case, and fees previously awarded to Plaintiffs'
counsel and similarly situated attorneys in this
district.  Based on the Court's experience with
attorneys' fees motions, the information provided by
counsel, and the Court's knowledge of the prevailing

rates in the community, the Court finds the following
rates to be reasonable in this case.

    1.  <u>Paul Alston</u>

     Mr. Alston's declaration provides that he has been
representing children in disputes with the State of
Hawai'i since 1972, and has over 44 years of experience
in complex commercial litigation matters.  *See* ECF No.
126-2 at 2-4.  Notwithstanding Mr. Alston's competence
and experience in complex civil litigation matters and
public interest cases against the State of Hawai'i, the
Court finds that Mr. Alston's requested rate of $647.46
is excessive for the work he performed in this case
between 2014 and 2016.

    First, the two decisions Plaintiffs submit in
support of Mr. Alston's requested rate, each awarding
Mr. Alston an hourly rate of $592.52, are not binding
on this Court.  A Ninth Circuit Appellate
Commissioner's decision is binding on the parties;
however, the "decision has no precedential effect in .
. . future cases."  *Native Ecosystems Council v.
Weldon*, 921 F. Supp. 2d 1069, 1078 (D. Mont. 2013)

(citing U.S. Ct. of App. 9th Cir. Rule 33-1(c), 28
U.S.C.A.) ("[The Appellate Commissioner's]
determination will have no precedential effect and will
be final and nonreviewable."). Thus, while an
Appellate Commissioner's decisions may be of some value
to the district court, these decisions alone do not
support a rate of $647.46 for Mr. Alston.

Second, the Commissioner's award of an hourly rate
of $592.52 to Mr. Alston in both of the decisions
submitted by Plaintiffs, were based in part by the
Ninth Circuit's $540.00 hourly rate to Mr. Alston in
*Blue Earth Biofuels, LLC. V. Haw. Elec. Co.*, No. 11-
16848 (9th Cir. 2014). The Ninth Circuit's awarded
rate in *Blue Earth Biofuels, LLC*, however, was for
appellate work Mr. Alston had performed between 2011
and 2013. *See BlueEarth Biofuels, LLC v. Hawaiian
Elec. Co.*, No. CIV. 09-00181 LEK-KSC, 2015 WL 881577,
at *3 (D. Haw. Feb. 27, 2015) (finding that the Ninth
Circuit Fee Order in *BlueEarth* "expressly limited its
determinations to '2011-2013 court of appeals
work[.]'") (brackets in original). Here, Mr. Alston

25

seeks fees for pre-trial work, not appellate work,
performed between 2014 and 2016.  Thus, neither the
rates awarded by the Appellate Commissioner in the
decision submitted by Plaintiffs nor the Ninth
Circuit's award in *BlueEarth* are binding on this Court.

Mr. Alston and other attorneys with over 40 years
of experience have been awarded a rate of $500 in this
district for work performed between 2010 and 2013.  *See*
*Booth v. Wong*, No. CIV. 10-00680 DKW, 2015 WL 4663994,
at *3 (D. Haw. July 17, 2015), *adopted by*, No. CV 10-
00680 DKW-RLP, 2015 WL 4676343 (D. Haw. Aug. 5, 2015)
(awarding Mr. Alston an hourly rate of $500 for work
performed between 2010-2013); *Sunday's Child, LLC v.*
*Irongate Azrep BW LLC*, No. CIV. 13-00502 DKW, 2014 WL
2451560, at *1 (D. Haw. May 30, 2014) (awarding an
attorney with over 40 years of experience $500 for work
performed in 2013).  Given that Plaintiffs seek fees
for work performed by Mr. Alston between 2014 and 2016
in this Fees Motion, the Court finds that an increased
rate of $525 is a reasonable hourly rate for Mr. Alston
in this case.  Accordingly, the Court recommends that

26

the district court award Mr. Alston an hourly rate of
$525.00.

　2. <u>Kristin Holland</u>

　Ms. Holland practiced in California from 1996 to
2013, and has practiced in Hawai'i since 2013.  *See* ECF
No. 126-3 at 4.  Ms. Holland asserts in her Declaration
that she has over 20 years of civil litigation
experience, including class actions and civil rights
work.  *Id*.  Notwithstanding Ms. Holland's experience
and credentials, the Court finds that Ms. Holland's
requested rate of $375 is excessive in this case.

　The Court finds that, based on its review of the
prevailing market rates in this community between 2014
and 2016, $325 is a more reasonable hourly rate for the
work Ms. Holland performed in this case.  *See, e.g.,
Honolulu Acad. of Arts v. Green*, No. CV 15-00355 DKW-
KSC, 2017 WL 1086224, at *9 (D. Haw. Feb. 28, 2017),
*adopted sub nom. by Honolulu Acad. of Arts v. Greene*,
No. CV 15-00355 DKW-KSC, 2017 WL 1091309 (D. Haw. Mar.
21, 2017) (awarding a partner at a firm in San
Francisco with 25 years of experience an hourly rate of

$325 for work performed between 2015-2016); *Booth,* 2015
WL 4663994, at *4 (awarding an attorney with 20 years
of experience an hourly rate of $300 for work performed
between 2010 and 2013); *BlueEarth Biofuels, LLC*., 2015
WL 881577, at *3 (awarding an attorney with over 26
years of commercial and civil litigation experience in
both California and Hawaiʻi, a rate of $290 for work he
performed between 2008 and 2011).  Accordingly, the
Court recommends that the district court award Ms.
Holland an hourly rate of $325.00.

    3.  Louis Erteschik

    Plaintiffs request an hourly rate of $300 for Mr.
Erteschik, the Executive Director of the HDRC.  Mr.
Erteschik has been practicing law since 1974, and
specifically in Hawaiʻi since 1990.  ECF No. 126-4 at 3.
The State does not oppose Mr. Erteschik's hourly rate
and the Court finds the requested rate to be
reasonable.  Accordingly, the Court recommends that the
district court award Mr. Erteschik an hourly rate of
$300.

    4.  Aryanna Abouzari

Plaintiffs request an hourly rate of $250 for Ms. Abouzari. Ms. Holland's declaration states that Ms. Abouzari has been licensed to practice in the State of Hawaiʻi since 2008, and that she has over eight years of experience as a healthcare attorney. *See* ECF No. 126-3 at 5. According to the Hawaiʻi State Bar Association, however, Ms. Abouzari was admitted to the Hawaiʻi Bar on 11/12/2014.

Ms. Abouzari expended a total of 40.4 hours in this case. 25.5 of these hours were expended before she was admitted to the Hawaiʻi bar. Notwithstanding Ms. Holland's declaration that Ms. Abouzari has eight years of experience as a healthcare attorney, this Court finds that given her limited role in this case, and that more than half of the hours she expended in this case was for work she performed before she was a licensed attorney in Hawaiʻi, the State's proposed rate of $200 is a more reasonable rate for Ms. Abouzari.

Accordingly, this Court recommends that the district court award Ms. Abouzari an hourly rate of $200. *See Pelayo v. Platinum Limousine Servs., Inc.,*

29

No. CV 15-00023 DKW-KJM, 2016 WL 5402185, at *5 (D.
Haw. Sept. 27, 2016) (awarding an attorney licensed in
Hawai'i since 2009 an hourly rate of $225); *see also*
*D.S. v. Haw. Dep't of Educ*., No. CIV. 12-00533 DKW-RLP,
2014 WL 772895, at *3 (D. Haw. Feb. 25, 2014)
(considering the attorney's role in the litigation in
determining a reasonable rate).

   4.  <u>Maile Osika</u>

   Ms. Osika was admitted to practice before all
courts in the State of Hawai'i in 2012.  *See* ECF No.
126-3 at 6.  Accordingly, Ms. Osika was licensed for
only one year when she began working on this case in
2013.  Plaintiffs request an hourly rate of $185.00 in
their Fees Motion.  Ms. Holland's declaration attached
to the Fees Motion, however, states that an hourly rate
of $165 is reasonable for Ms. Osika.  *See* ECF No. 126-3
at 7.  Plaintiffs' Reply also indicates that Ms. Osika
billed an hourly rate of $165 for this relevant time
period to its paying clients.  ECF No. 131 at 10.

   Based on Ms. Osika's experience and the 2013-2016
prevailing rates in this community for attorneys with

similar experience, this Court finds that Ms. Holland's proposed hourly rate of $165 is reasonable for Ms. Osika. *See BlueEarth Biofuels*, 2015 WL 881577, at *13 (awarding an hourly rate of $140 for work performed between 2008 and 2011 by a first-year associate); *Valencia v. Carrington Mortg. Servs., LLC*, No. CIV. 10-00558 LEK, 2013 WL 3223628, at *2 (D. Haw. June 25, 2013) (awarding a fifth year associate an hourly rate of $175 for work performed in 2012).

5. <u>Wendi Chang, Kelly Guadagno, and Kanani Akina-Lee</u>

Plaintiffs request an hourly rate of $135 for the work performed by their paralegals, each of whom has over 20 years of experience.  The Court finds this requested hourly rate is excessive.  The Court finds that $110 is a more reasonable rate for Ms. Chang, Ms. Guadagno, and Ms. Akina-Lee. *See Honolulu Acad. of Arts*, 2017 WL 1086224, at *9 (awarding paralegal with 18 years of experience an hourly rate of $95 for work performed between 2015-2016); *Booth*, 2015 WL 4663994,

31

at *7 (awarding a paralegal with over 20 years of experience an hourly rate of $100 for work performed in 2011).

### 6. Samson W. Lee

Ms. Holland's declaration states that Mr. Lee assists paralegals with their tasks, including case administration and document management. *See* ECF No. 126-3 at 8. This Court does not, however, "compensate for the time expended by other professionals such as librarians, litigation specialists, litigation coordinators, or legal assistants." *HRPT Props. Trust v. Lingle*, 775 F. Supp. 2d 1225, 1239–40 (D. Haw. 2011). Only the reasonable hours expended by attorneys and paralegals are compensable. *Id*.

Mr. Lee is neither an attorney nor a paralegal. Accordingly, none of Mr. Lee's time is compensable. The Court thus recommends that the district court deny Plaintiffs any fees requested for work performed by Mr. Lee in this case.

In summary, the Court finds the following rates to be reasonable for the work performed in this case

between 2013 and 2016 by Plaintiffs' counsel and

paralegals:

| Name | Title | Rate/ Hour |
|---|---|---|
| Paul Alston | Partner | $525 |
| Kristin Holland | Of Counsel | $325 |
| Louis Erteschik | Director | $300 |
| Aryanna Abouzari | Associate | $200 |
| Maile Osika | Associate | $165 |
| Wendi A. Chang | Paralegal | $110 |
| Kelly Guadagno | Paralegal | $110 |
| Kanani Akina-Lee | Paralegal | $110 |

B.   Hours Reasonably Expended

Plaintiffs request a total award fee of $472,099.07

($455,512.69 for AHFI and $16,586.38 for HDRC), which

represents a total of 1,744.5 hours expended by

Plaintiffs' counsel in this action (1,686.7 by AHFI and

57.8 hours by HDRC).  ECF No. 126-1 at 2, 9-10.  Ms.

Holland asserts in her Declaration that Plaintiffs'

counsel spent an additional 20 hours on the Reply for

the Fees Motion, but did not add this time to their

request as a compromise and further discount to address

any issues of erroneous time entries identified in the State's Opposition.  ECF No. 131-1 at 6.

The State disputes the correct total amount of hours Plaintiffs' counsel expended in this case, arguing that AHFI's billing entries are inaccurate. The Court finds that the inaccuracy the State complains of is inconsequential.  *See* ECF No. 130 at 10 (State's Opposition asserting that AHFI fee request reflects a 1.0 difference between the bill and work performed); ECF No. 130-3 at 24 (Schratz Declaration opining that AHFI's billing data reflects a 4.3 hour inaccuracy).

The Court will rely on the following chart as the breakdown of the total hours requested by Plaintiffs' counsel, based on its own independent calculation of the data provided in Plaintiffs' Fees Motion:

AHFI

| Name | Case Development, Background Investigation, and Case Administration | Pleadings | Interrogatories, Document Production, and Other Written Discovery | Depositions | Motions Practice | Attending Court Hearings | Trial Preparation and attending Trial | Post-Trial Motions | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| Paul Alston ("PA") | 10.2 | 2.3 | 4.3 | 0.3 | 13.3 | 12.0 | 0.0 | 0.0 | 42.4 |
| Kristin Holland ("KRHO") | 149.9 | 55.1 | 63.0 | 16.1 | 214.6 | 38.9 | 0.0 | 10.0 | 547.6 |
| Aryanna Abouzari ("ARYA") | 37.0 | 2.2 | 0.3 | 0.0 | 0.9 | 0.0 | 0.0 | 0.0 | 40.4 |
| Maile Osika ("MAOS") | 286 | 86.9 | 86.2 | 17.3 | 453.3 | 32.3 | 0.0 | 30.0 | 992 |
| Wendi A. Chang ("WAC"); Kelly Guadagno ("KG"); Kanani Akina-Lee ("KAL"); Samson W. Lee ("SWL") | 4.6 | 0.0 | 18.8 | 0.7 | 39.5 | 0.4 | 0.0 | 0.0 | 64.0 |
| TOTAL HOURS | 487.7 | 146.5 | 172.6 | 34.4 | 721.6 | 83.6 | 0.0 | 40.0 | 1,686.4 |

HDRC

| Name | Case Development, Background Investigation, and Case Administration | Pleadings | Interrogatories, Document Production, and Other Written Discovery | Depositions | Motions Practice | Attending Court Hearings | Trial Preparation and attending Trial | Post-Trial Motions | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| Louis Erteschik | 22.4 | 5 | 0.5 | 6 | 2.4 | 15.5 | 0 | 6 | 57.8 |

The State contends that this Court should award
Plaintiffs no more than $249,716.16, which represents
$236,325.48 for AHFI and $13,390.68 for HDRC.  ECF No.
130 at 19.  The State identifies a number of categories
the State argues Plaintiffs' requested hours are
excessive.  The Court addresses each of the categories
identified by the State in addition to the entries this
Court finds excessive based on its own independent
review of the Fees Motion.  *See Gates v. Deukmejian,*
987 F.2d 1392, 1401 (9th Cir. 1992) ("Not only is the
district court required to independently review
plaintiffs' fee request even absent defense objections,
but upon submitting their rebuttal evidence to
plaintiffs' claimed reasonable hours, defendants were
entitled to have the district court review both their
objections and plaintiffs' claimed hours.").

1.  AHFI's Calculation Errors

The Court has reviewed each of AHFI's billing
entries for which Mr. Schratz's tables isolated
discrepancies between the total hours billed and the
number of hours listed in AHFI's billing entries.  *See*

37

ECF No. 130-3 at 19-23.  Notwithstanding the State's objections to AHFI's billing inaccuracies, the Court finds that AHFI's relinquishment of its right to bill for the time spent on its Reply is more than sufficient to account for the either 1 or 4.3-hour discrepancy identified by the State and the Schratz Declaration, respectively.  *See Pelayo*, 2016 WL 7734557, at *14 (awarding approximately 20 hours to two attorneys for a reply to an attorneys' fees motion, in which nearly half the pages were taken directly from previous fees motions).  Accordingly, the Court does not recommend any reductions for inaccurate billings.

   2.  <u>AHFI's Intra-Office Communications</u>

   The State contends that Plaintiffs over-billed for their intra-office conferences and that the State "should not be expected to fund Plaintiffs' excessive and superfluous conferencing."  ECF No. 130 at 12.  The State asserts that all of the attorney meetings to discuss the case generally or provide guidance to a younger associate should be reduced.  The Court agrees that Plaintiffs' counsel billed an unreasonable number

38

of hours for internal conferencing, strategy meetings, and internal emails.

The tables in Mr. Schratz's Declaration identify 496 discrete tasks totaling 148.3 hours and representing 8.8% of the hours in this case. *See* ECF No. 130-3 at 35-58. The Court has carefully reviewed each of these tasks identified in the tables, and performed its own independent search and analysis of any entries that appear to be internal conferences, internal strategy meetings, internal emails, and internal phone calls. According to the Court's independent review, AHFI expended approximately 143.2 hours on intra-office communications.[2] The Court agrees with the State that this amount of intra-office communications is excessive. Notably, many of these tasks were of short duration, often billed at 0.1- and 0.2-hours increments.

"The practice of billing for many short meetings has been criticized by other judges in this District as having the effect of potentially inflating a fees

---

[2]  PA: 21.6; KRHO: 32.4; MAOS: 75.6; ARYO: 6.9; KAL: 0.1; KKMG: 6.4; WAC: 0.2.

award." *Lemmons v. Ace Hardware Corp.*, No. 12-CV-
03936-JST, 2015 WL 435462, at *3 (N.D. Cal. Feb. 1,
2015) (citing, e.g., *Hernandez v. Grullense*, No. 12-cv-
03257-WHO, 2014 WL 1724356, at *5 (N.D. Cal. April 30,
2014) (criticizing repeated 0.1 entries to "strategize"
with co-counsel and confer for only a few minutes at a
time as extremely inefficient); *Cruz v. Int'l
Collection Corp.*, No. 08-00991-JF (RS), 2010 WL
2509988, at *4 (N.D. Cal. June 17, 2010) (finding that
an attorney's billing of 6.6 hours in discrete six-
minute increments often with multiple entries of 0.1
hours in a single day was unreasonable)).

AHFI's time entries are replete with examples of
AHFI attorneys repeatedly billing for meetings, phone
calls, and emails in 0.1 and 0.2 hour increments.  *See,
e.g.*, ECF No. 130-3 at 35-58 (listing examples of
intra-office conferencing tasks).  The Court finds the
total number of entries devoted to intra-office
communication is excessive and likely inflated by the
multiple 0.1- and 0.2-hour entries.

Rather than imposing an across-the-board reduction to AHFI's total requested hours for these excessive intra-office conferencing entries, the Court finds that a 30% reduction only to the hours billed by AHFI attorneys for intra-office conferencing, emails, and phone calls is more reasonable. *But see Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 949 (9th Cir. 2007) (affirming district court's 20% *across-the-board* reduction for quarter-hour billing where such billing resulted in a request for excessive hours, i.e., a minimum of fifteen minutes billed for tasks that likely took a fraction of the time). The Court thus recommends that the district court deduct 2 hours from Ms. Abouzari's time, 0.1 hours from Ms. Akina-Lee's time, 0.2 hours from Ms. Chang's time, 1.9 hours from Ms. Guadagno's time, 9.7 hours from Ms. Holland's time, 22.7 hours from Ms. Osika's time, and 6.5 hours from Mr. Alston's time.[3]

---

[3] This number also reflects a deduction of: (1) 0.1 hours expended by Ms. Akina-Lee on 10/27/14, because the Court finds that the intra-office communications related task described, "email from potential class member re information; email to M. Osika re email from potential class member," lacks adequate

41

3.  Insufficient Detail

The Court finds that many of AHFI's entries lack sufficient information for this Court to discern whether these entries were proper.  "Attorneys are 'not required to record in great detail how each minute of [their] time was expended.'"  *United Steelworkers of Am. v. Ret. Income Plan For Hourly-Rated Emps. of ASARCO, Inc*., 512 F.3d 555, 565 (9th Cir. 2008) (quoting *Hensley*, 461 U.S. at 437 n.12).  Nonetheless, as the party seeking attorneys' fees, Plaintiffs bear the burden of keeping records in sufficient detail so that "a neutral judge can make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed."  *Id*.

Here, the Court finds that entries for 10.4 of Ms. Osika's hours and 2.3 of Ms. Holland's hours lack adequate detail for this Court to determine the nature

---

detail for this Court to evaluate the reasonableness of this entry (ECF No. 126-6 at 9); and (2) 0.2 hours from Ms. Chang's time for her 12/15/15 entry described as "emails to and from co-counsel re documents produced" (*Id*. at 38) for reasons similar to Ms. Akina-Lee's 10/27/14 entry.  *See infra* Section II.B.3 (discussing insufficient billing entries).

and need for these tasks.[4]  In addition, some of these
entries violate Rule 54.3(d)(2) of the Local Rules,
which provides that "time entries for telephone
conferences must include an identification of all
participants and the reason for the call."
Accordingly, the Court recommends deducting 10.4 hours
from Ms. Osika's time and 2.3 of Ms. Holland's time to
account for these insufficient entries.

   4.  Clerical Tasks

   The State contends that this Court should not award
Plaintiffs their fees for any clerical tasks.  ECF No.
130 at 13.  The State argues that 19.7 of AHFI's hours
were spent on clerical tasks.  This Court agrees.

   "[C]lerical or ministerial costs are part of an
attorney's overhead and are reflected in the charged
hourly rate."  *Jeremiah B. v. Dep't of Educ.*, Civil No.

---

[4]   *See, e.g.,* ECF No. 126-6 at 7 (MAOS: 10/01/14 "phone call
with K. Holland," 10/3/14 "phone call with S. Egan"; KRHO:
10/04/14 "review summary of calls and emails from S. Egan
regarding case"); *Id.* at 8 (MAOS: 10/15/15 "email S. Egan"); *Id.*
at 9 (MAOS: 10/20/14 ("phone call with Lauren Cox from Easter
Seals Hawaii (.5)"; "phone call with T. Pease from Behavioral
Analysts Inc. (.5)"; "phone call with Kamakana Fitchett Watanabe
executive assistant at Easter Seals (1.1)"); *Id.* at 17 (MAOS:
12/30/14 "conference call with J. Molay"); *Id.* at 21 (MAOS:
03/19/15 "phone call with S. Egan"; KRHO: 02/11/15 "review
emails with M. Osika and A. Abouzari").

09−00262 DAE−LEK, 2010 WL 346454, at *5 (D. Haw. Jan.

29, 2010) (citing *Sheffer v. Experian Info. Sols.*,

Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003)).   The

following is a list of clerical and ministerial tasks

is deemed non-compensable in this district:

> reviewing Court-generated notices; scheduling
> dates and deadlines; calendaring dates and
> deadlines; notifying a client of dates and
> deadlines; preparing documents for filing with
> the Court; filing documents with the Court;
> informing a client that a document has been
> filed; personally delivering documents; bates
> stamping and other labeling of documents;
> maintaining and pulling files; copying,
> printing, and scanning documents; receiving,
> downloading, and emailing documents; and
> communicating with Court staff.

*Crawford v. Japan Airlines*, Civil No. 03-00451 LEK-KSC,

2014 WL 1326576, at *4 (D. Haw. Jan. 22, 2014), *adopted*

*by*, 2014 WL 1326580 (D. Haw. Mar. 28, 2014).

The tables in the Schratz Declaration identify 34

clerical tasks in the Fees Motion.   The Court has

carefully reviewed these entries and agrees that all of

these tasks are clerical.   *See, e.g.*, ECF No. 126-6 at

8, 10/7/14 ("work on uploading client to shared drive

for attorney review; finalize authorizations and letter

44

to client 0.5 for review, signature and return"); *id*.
at 14, 12/2/14 ("respond to email from Judge Gillmor's
chambers re courtesy copies of the motions; arrange for
courtesy copies").

In addition to these hours identified by Mr.
Schratz, the Court performed its own independent
analysis.  The Court identified numerous other entries
expended by Ms. Osika, Ms. Guadagno, and Ms. Chang, not
identified by Mr. Schratz, that the Court finds non-
compensable clerical entries.  *See e.g.*, *id*. at 36, WAC
12/01/15 ("review and process documents received from
client"); KKMG 12/02/15 ("work on preparing reference
materials for status conference and discuss binder with
J. Bunch and assist in working on same"); WAC 12/09/15
("compile key documents for case notebook" and "review
and organize additional client documents and work on
preparing same for production"); MAOS 12/14/15 ("phone
call to Judge Kurren's chambers re status conference
(0.1), email to DHS counsel re proposed dates for
status conference (0.1)"); MAOS 03/22/16 ("phone call

to Judge Kurren's chambers re times for status
conference (0.1).").

Based on the information contained in Mr. Schratz's
tables and the sampling of the entries that this Court
identified as clerical, non-compensable hours, the
Court recommends deducting the following number of
hours from AHFI's requested hours:  5 hours from Ms.
Guadagno's time, 2 hours from Ms. Holland's time, 9
hours from Ms. Osika's time, and 1 hour from Ms.
Chang's time.[5]  *See Davis v. City & Cnty. of San
Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *opinion
vacated in part on other grounds on denial of reh'g*,
984 F.2d 345 (9th Cir. 1993) (affirming the district
court's five percent reduction for time that was
improperly billed for clerical tasks and other billing
errors); *Mendez v. Cnty of Los Angeles*, Case No. CV-11-
04771-MWF (PJWx), 2013 WL 12162397, at *4 (C.D. Cal.
Nov. 20, 2013) (applying a 5% reduction to the total

---

[5]   As explained *supra* Section II.A.6, the Court recommends
deducting all of the hours requested by AHFI for the time
expended by Mr. Lee, which accounts for 6.2 of the 19.7 hours
identified by the Schratz Declaration as "clerical."  *See* ECF
No. 130-3 at 62-34.

46

number of hours expended by counsel to account for
clerical activities and other administrative tasks,
which were improperly included).

   5.   Time Spent on Complaints

   Plaintiffs filed their Original Complaint on
September 5, 2014, and First Amended Complaint on
December 1, 2014.  *See* ECF Nos. 1, 8.  The Schratz
Declaration isolates a total of 73.5 hours AHFI
expended on tasks related to these complaints, and an
additional 9.1 hours for a "state complaint" that was
never filed.  *See* ECF No. 130 at 14; ECF No. 130-3 at
65-67 (listing tasks related to the complaints).  The
Court has reviewed the tasks identified by the tables
in the Schratz Declaration as time spent on the
complaints, and also performed an independent analysis
of AHFI's time entries and work product.

   First, Plaintiffs do not provide sufficient reasons
for awarding fees for time their counsel spent on a
state court complaint, nor can the Court find
sufficient reason to do so.  Accordingly, the Court
recommends deducting the 9.1 hours (6.6 hours by Ms.

Osika and 3.5 hours by Ms. Holland) AHFI spent on the
state complaint.  *See* ECF No. 126-6 at 2-3 (MAOS
08/12/14 entry and KRHO 09/04/14 entry).

Second, AHFI expended a total of 59.3 hours on the
Original Complaint.  The Original Complaint against the
State, the sole defendant in this case, was
approximately 22 pages.  The Original Complaint
contained approximately 64 paragraphs of allegations
asserted on behalf of the named lead plaintiff and on
behalf of a class of similarly situated individuals, as
well as one civil rights violation claim.  For the
reasons set forth below, the Court finds that the
approximate 59.3 hours expended by AHFI attorneys on
the Original Complaint is excessive.

Ms. Holland spent nearly an equal amount of time
reviewing and revising the Original Complaint as Ms.
Osika spent drafting it.  *See* ECF No. 130-3 at 65-66.
Ms. Osika spent approximately 34.6 hours drafting the
Original Complaint between 07/25/2014 and 08/14/2014.
*See id*. at 66.  Ms. Holland spent 7 hours during this
same time period reviewing and revising Ms. Osika's

48

work.  Ms. Osika then spent 4.9 hours on 08/19/2014, incorporating Ms. Holland's changes and verifying the authorities for the final draft.  *See id.*

Ms. Holland subsequently expended an additional 22.3 hours after 08/14/2014, the date Ms. Osika "reviewed and revised federal complaint to incorporate changes."  ECF No. 126-6 at 2.  Ms. Osika then expended an additional 1.6 hours "reviewing" and "finalizing" the Original Complaint.  *Id.* at 3-4 (09/05/14 entry and 09/05/14 entry).  The Court finds that the time expended by AHFI attorneys on the Original Complaint is not only excessive, but result in unnecessary duplication of efforts by Ms. Holland and Ms. Osika.

Third, the Court finds that the additional 14.2 hours expended on the First Amended Complaint is excessive.  Beginning on 09/16/2014, AHFI attorneys spent the following hours on the First Amended Complaint:  Ms. Osika spent 8.2 hours; Ms. Abouzari spent 1.2 hours; Mr. Alston spent 0.1 hours; and Ms. Holland expended 2.7 additional hours—2 hours of which Ms. Holland described simply as "follow up on complaint

49

filing, judicial assignment." *Id*. at 4.  The Court
finds that these hours are not reasonable.

Plaintiffs did not submit a redlined version of the
changes between their Original Complaint and First
Amended Complaint; however, the Court performed its own
comparison of the two complaints.  It appears that
Plaintiffs deleted many of the statements from the
Original Complaint in the "Lead Plaintiff Allegations"
section, made edits to the "Class Allegations" section,
and added a number of paragraphs to their factual
allegations and prayer for relief.

The Court recognizes that this case required
specialized research on the potential class of
plaintiffs in this case, and the Medicaid provision
that was at issue in this case.  Nonetheless, the Court
finds that the 73.5 hours Plaintiffs request for the
work expended by AHFI on the Original Complaint and the
First Amended Complaint is excessive.  Plaintiffs do
not provide any explanation as to why an amended
complaint was necessary or the special circumstances

warranting over 70 hours for a single claim against a single defendant.

The Court finds the 0.2 hours expended by Mr. Alston and the 1.2 hours expended by Ms. Abouzzari on the Original Complaint and First Amended Complaint are reasonable.  The Court finds, however, that 35 hours is a more reasonable amount of hours for Ms. Osika to spend drafting and revising these complaints, and 15 hours is a more reasonable amount of hours for Ms. Holland to spend supervising Ms. Osika's work.  *See Black v. City & Cnty. of Honolulu*, No. CV 07-00299 DAE-LEK, 2010 WL 653026, at *12 (D. Haw. Feb. 22, 2010), *amended by* 2010 WL 3940979 (D. Haw. Sept. 29, 2010), *aff'd*, 512 F. App'x 666 (9th Cir. 2013) (finding 50 total hours expended on a complaint and first amended complaint reasonable where there were 22 different claims against 15 different defendants).  Accordingly, the Court recommends deducting 13.4 hours from the 28.4 hours Ms. Holland expended on the Original Complaint and First Amended Complaint, and 8.7 hours from the

43.7 hours Ms. Osika spent on the Original Complaint and First Amended Complaint.

    5.   Excessive, Unsuccessful, and Unnecessary Work

On December 1, 2014, Plaintiffs filed a Motion for Preliminary Injunction ("PI Motion") and a Motion to Certify Class and Appointment of Class Counsel ("Class Certification Motion"). *See* ECF Nos. 10, 11. On December 4, 2014, the district court held a status conference on the PI Motion and the Class Certification Motion. *See* ECF No. 19. At this conference, the district court ordered the parties to inform the court as to whether Plaintiffs would be proceeding with the PI Motion by December 10, 2014. *Id*. Plaintiffs withdrew both the PI Motion and the Class Certification Motion on December 10, 2014, explaining that the withdrawal was based on the State's representation to Plaintiffs and the Court that the State had removed the exclusion of coverage for ABA services from Medicaid's Quest Integration ("QI") Request For Proposal ("RFP"), the exclusion Plaintiffs' PI Motion had sought to

52

enjoin, which was to be implemented on January 1, 2015.
*See* ECF Nos. 23, 25.

The State argues that these motions were based on a
"faulty interpretation of an old contract, and they
were withdrawn as soon as Plaintiffs received the
current contract." ECF No. 130 at 15. The State
contends that it explained to Plaintiffs' counsel at
the December 4, 2014 status conference that the State
had eliminated the disputed language that Plaintiffs
were "confused by, and explained why [Plaintiffs]
initial interpretation in any event was incorrect."
ECF No. 130-1 at 1-2 (Declaration of Dana Barbata).[6]
The State thus contends that this Court should not
award fees for the time expended on the withdrawn PI
Motion and Class Certification Motion.

In response to the State's contention that the
First Amended Complaint was based on an outdated

---

[6]   Ms. Barbata's declaration states that the State brought a copy
of the RFP that had gone out to the health plans on November 15,
2015, to the December 4, 2015 status conference. *See* ECF No.
130-1 at 1-2. Ms. Barbata explains that Plaintiffs then
voluntarily withdrew their motion for PI Motion based on these
new RFPs. *Id.* The Court assumes these are typographical errors,
as the record reflects that the district court held the status
conference on December 4, 2014, and Plaintiffs withdrew the
motion on December 10, 2014, not 2015.

contract, Plaintiffs argue that the State "never moved to dismiss the First Amended Complaint and when it moved to dismiss the substantially similar Second Amended Complaint, the State lost."  ECF No. 131. Plaintiffs contend that the fees Plaintiffs incurred for withdrawn or denied motions are compensable because "[t]he result is what matters."  ECF No. 133 at 10 (citing *Hensley*, 461 U.S. at 435).  Plaintiffs contend that the Court should not reduce the fee award simply because Plaintiffs had not prevailed on every contention raised in the lawsuit.  *Id*.

First, the State's "failure" to file a motion to dismiss the First Amended Complaint does not address Ms. Barbata's contention that the PI Motion was filed based on an incorrect analysis of an outdated contract. The State filed an answer to the First Amended Complaint, in which it explicitly denied each of the allegations therein that addressed the exclusion at issue in the QI RFP.  *See* ECF No. 24 at ¶¶ 3, 7, 9, 11, 58.  The State's answer also explicitly requested that

the First Amended Complaint be dismissed with

prejudice.  *See* ECF No. 10.

Second, the Court does not disagree with

Plaintiffs' contention that the result of litigation is

critical in a fees motion.  The district court

concluded that "Plaintiffs are entitled to attorneys'

fee in presenting their entire case, even though there

[were] issues that [were] either unresolved or on which

Plaintiffs did not prevail."  ECF No. 123 at 49 (citing

*K.W. v. Armstrong*, 180 F. Supp. 3d 703, 710 (D. Idaho

2016)).  Nonetheless, the Court finds that the

withdrawn PI Motion and withdrawn Class Certification

Motion did not contain issues that were unresolved or

on which Plaintiffs did not prevail.  Rather, these

motions were never adjudicated by the district court.

The merits of these motions were adjudicated later in

the case when Plaintiffs filed a second motion to

certify a class on December 10, 2015 ("Second Class

Certification Motion"), and when Plaintiffs obtained

relief on their Motion for Summary Judgment.  *See* ECF

Nos. 78, 100.

"A court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable." *United States v. Chung*, Civ. No. 07-00570 ACK-BMK, 2010 WL 5388006, at *3 (D. Haw. Dec. 17, 2010).  The Court requires the party seeking attorneys' fees to prove that "the requested fees and costs are associated with the relief requested and are reasonably necessary to achieve the results obtained." *Id.* ("Beyond establishing a reasonable hourly rate, a party seeking attorneys' fees bears the burden of proving that the requested fees and costs are associated with the relief requested and are reasonably necessary to achieve the results obtained.").

The Court has reviewed the 236 hours the Court has identified as time spent on the PI Motion, Class Certification Motion, and Second Class Certification Motion.  Plaintiffs expended 56.2 of the 236 hours on the Second Class Certification Motion.  Neither Plaintiffs' Reply nor Plaintiffs' Schratz Rebuttal provides any explanation as to why the withdrawn PI

Motion and Class Certification Motion were reasonably necessary to achieve the results obtained, in addition to the time Plaintiffs spent on the Second Class Certification Motion and the time spent on their Motion for Summary Judgment.

In light of Plaintiffs' inability to sufficiently respond to the State's position that these motions were based on an "incorrect interpretation of an outdated contract," and in light of Plaintiffs' failure to explain why it was reasonable to expend 179.8 hours on these withdrawn motions,[7] this Court is without a sufficient basis to recommend awarding Plaintiffs their fees for withdrawn motions that were never adjudicated.

Accordingly, the only hours the Court finds compensable related to these three motions are the hours expended on the Second Class Certification Motion, which was adjudicated on its merits before the magistrate judge and the district court. *See* ECF Nos. 108, 113. Although Plaintiffs did not prevail on this motion, the Court finds that Plaintiffs are entitled to

---

[7]  PA: 5.7; KRHO: 48.3; MAOS: 120.6; KKMG: 5.2.

compensation for presenting this issue.  The Court
finds that these hours were "necessarily incurred in
presenting issues" on which Plaintiffs prevailed.
*Armstrong*, 180 F. Supp. 3d at 710.

The Court thus recommends that the district court
deny Plaintiffs' request for the 179.8 hours
Plaintiffs' counsel expended on the withdrawn PI Motion
and withdrawn Class Certification Motion, but grant
their request for the 56.2 hours expended on the Second
Class Certification Motion.

### 6.  Duplicative Attendance at Hearings

The State contends that "Plaintiffs bill for
duplicative attendance at status and scheduling
conferences, client meetings, and preparation for
arguments when they did not argue."  ECF No. 130 at 17.
Plaintiffs counter that some duplication is necessary
when a case "goes on for many years," requiring efforts
to "get up to speed with the research previously
performed."  ECF No. 133 at 10-11 (quoting *Moreno v.
City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir.
2008)).  Plaintiffs' reliance on *Moreno* is misplaced.

Plaintiffs confuse the State's argument regarding duplication. The duplicative time which the State opposes refers to those entries where more than one attorney was billing for the same task or meeting, not where work was duplicated by the same attorney. For example, the tables in the Schratz Declaration demonstrate that, on more than one occasion, AFHI billed for three attorneys to prepare for and attend status conferences, settlement conferences, and a client meeting. *See* ECF No. 130-3 at 84. Accordingly, Plaintiffs' argument that lawyers must duplicate work to "get up to speed with the research previously performed" does not address the State's opposition to the instances where more than one attorney billed to attend a court conference.

As a general rule, two attorneys cannot bill for attending: (1) a meeting between co-counsel; or (2) a client meeting. *See, e.g., Ko'Olina Dev., LLC v. Centex Homes*, Civil No. 09-00272 DAE-LEK, 2011 WL 1235548, at *12 (D. Haw. Mar. 29, 2011); *Nat'l Comm'n for Certification of Crane Operators v. Ventula*, No.

59

CIV.09-00104 SOM-LEK, 2010 WL 2179505, at *5 (D. Haw. Apr. 30, 2010), *adopted by*, 2010 WL 2176098 (D. Haw. May 25, 2010).  In addition, attendance by multiple attorneys at a hearing may result in needless duplication.  *See Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1287 (9th Cir. 2004) ("[C]ourts ought to examine with skepticism claims that several lawyers were needed to perform a task,[ ] and should deny compensation for such needless duplication as when three lawyers appear for a hearing when one would do.") (citation omitted).

The Court acknowledges, however, that duplicative preparation and attendance of certain hearings and conferences are not in and of themselves unreasonable. Nonetheless, when "a plaintiff chooses to retain more than one attorney to prosecute his or her case, the plaintiff, as the applicant for attorneys' fees, has the burden of demonstrating that where more than one attorney is involved, the time requested reflects the distinct contribution of each attorney." *Muegge v. Aqua Hotels & Resorts, Inc*., Civ. No. 09-00614 LEK-BMK,

2015 WL 4041313, at *18 (D. Haw. June 30, 2015)

(internal quotations omitted) (citation omitted).

Plaintiffs acknowledge in their Reply that more

than one AHFI attorney attended several court hearings

and conferences, but that AFHI compensated for this by

writing off $10,000 from its total incurred fees.  ECF

No. 126-3 at 10.  AHFI has not, however, specifically

written off the hours opposed by the State.  The Court

advises AHFI that in the future, write-offs are better

received when directly evidenced in specific entries.

More importantly, Plaintiffs do not explain, nor

can the Court find a reason why two, and sometimes

three, attorneys were billing to prepare for and attend

short scheduling and status conferences.  *See, e.g.*,

ECF No. 19 (12/4/14 status conference with Judge

Gillmor lasting eleven minutes for which two AHFI

attorneys billed 10.8 hours to prepare for and attend);

ECF No. 50, 7/17/15 scheduling conference lasting ten

minutes for which two AHFI attorneys billed 3 hours to

prepare and attend); ECF No. 80 (12/17/2015 status

conference with Judge Kurren lasting twenty minutes for

which three attorneys billed over eight hours to
prepare for and attend).

The Court finds that all but one of the status
conferences, hearings, and meetings for which
Plaintiffs request hours for multiple attorneys did not
require preparation for nor attendance by multiple
attorneys.  The only hearing this Court finds warranted
more than one AHFI attorney was the 05/05/2016 hearing
on the parties' cross motions for summary judgment.
The hearing lasted nearly an hour, and at the end,
required even further briefing.  *See* ECF No. 119
(ordering supplemental briefing on whether or not HDRC
had associational standing).

Accordingly, the Court recommends awarding all of
Mr. Alston's and Ms. Osika's time expended preparing
for and attending the 5/5/2016 hearing on the cross
motions for summary judgment.  The Court recommends,
however, deducting the lower billing attorney's time
for the time expended for each of the following:
(1) 11/26/14 Client meeting; (2) 12/4/14 Status
Conference; (3) 01/23/15 Status Conference; (4)

04/01/15 Settlement Conference; (5) 07/17/15 Status

Conference; (6) 12/17/15 Status Conference; and (7)

01/20/16 Status Conference.  *See Ventula*, 2010 WL

2179505, at *5 (deducting time of lowest-billing

attorney for attendance at teleconferences and meetings

by more than one attorney).  Accordingly, the Court

recommends deducting 16.3 hours from Ms. Osika's

requested hours and 1 hour from Ms. Holland's requested

hours for duplicative preparation and attendance for

the foregoing meeting and status conferences.[8]

---

[8]  The Court finds the following entries duplicative: ECF No.
126-6 at 13 (MAOS 11/26/14 entry, "meet with S. Egan to finalize
and sign declaration (1.3)"); *id*. at 15 (MAOS 12/3/14 0.3 entry,
"prepare for status conference" and 12/4/14 entry, "prepare
outline for status conference (1.5); review and analyze
pleadings for status conference (1.5); prepare for status
conference with K. Holland (1.5); . . . attend status conference
(1.0)"); *id*. at 20 (MAOS 01/23/15 entry, "attend scheduling
conference (1.0)"); *id*. at 22 (MAOS 04/01/15 entry, "attend
settlement conference (1.4)"); *id*. at 29 (KRHO 07/17/15 entry,
"prepare for and attend status conference regarding settlement
and trial related deadline (1.0)"; MAOS 07/17/15 entry, "meet
with K. Holland re strategy for status conference (0.3); prepare
for and attend status conference with Judge Kurren re scheduling
(1.0)"); *id*. at 38 (MAOS 12/16/15 2.6 hour entry, "prepare
talking points for status conference with Judge Kurren," 0.2
hour entry, "discuss strategy for status conference with K.
Holland"), 12/17/15 entries, "review and analyze outline for
status conference (0.2)" and "prepare for and attend status
conference with Judge Kurren (1.0)"); *id*. at 40 (MAOS 01/20/16
1.5 hour entry, "prepare for and attend status conference with
Judge Kurren").

7.  Lack of Success

The State contends that Plaintiffs prevailed on
only one of the five demands Plaintiffs sought in this
case—a court order requiring the State of Hawaiʻi,
Department of Human Services, to provide notice to
Medicaid beneficiaries regarding the availability of
ABA.  *Id*.  The State thus asks this Court to reduce
Plaintiffs' total award for lack of success.  *See* ECF
No. 130 at 18.

"'There is a strong presumption that the lodestar
figure represents a reasonable fee[;]' the lodestar
amount is adjusted only in 'rare instances.'"  *Doe v.
Keala*, 361 F. Supp. 2d 1171, 1188 (D. Haw. 2005)
(brackets in *Keala*) (quoting *Morales v. City of San
Rafael*, 96 F.3d 359, 363, 364 (9th Cir. 1996)).  *See
also Pennsylvania v. Del. Valley Citizens' Council for
Clean Air*, 478 U.S. 546, 565 (1986) (holding that
modifications of the lodestar figure, while
permissible, are proper only in certain "rare" and
"exceptional" cases, supported by both "specific

64

evidence" on the record and detailed findings by the
lower courts).

Here, the State does not present, nor is this Court
able to find, any evidence in the record or in the
district court's 08/12/16 Order demonstrating that a
downward adjustment of the lodestar is proper in this
case.  The district court unequivocally concluded that
Plaintiffs are the prevailing party in this case.  In
the exercise of its broad discretion, the district
court concluded that Plaintiffs are entitled to
attorneys' fees for presenting their entire case, even
though there were unresolved issues or issues on which
Plaintiffs did not prevail.  ECF No. 126 at 49.  The
Court declines to disturb such an explicit ruling.

    8.  Excessive Time

The State objects to 22.8 hours of Plaintiffs'
requested time that the State alleges are for
"continuing legal education" and for entries that "defy
the term 'reasonable.'"  ECF No. 130 at 16.

The Court has reviewed the relevant entries and
finds that several of Ms. Osika's hours are indeed

unreasonably excessive.  For example, Ms. Osika
expended 2.1 hours reviewing ethical rules related to
communicating with potential class members in a class
action and another 2 hours drafting an email memo on
the issue.  ECF No. 126-6 at 7.  Ms. Osika also spent 1
hour strategizing and analyzing "service methods."  *Id*.
at 15.  In addition, Ms. Osika spent 0.8 hours on
"reviewing and analyzing" the one sentence "status
conference notice from federal court" and 2 hours
reviewing "rules related to substitution of new
director."  *Id*.  These hours are a sampling of the
hours the Court finds unreasonably excessive for the
task described.

The Court finds that several of Ms. Osika's entries
reflect excessively billed hours.  Accordingly, the
Court recommends that, after all the deductions
discussed above have been made to Ms. Osika's time, the
district court also impose an across-the-board 5%
reduction to Ms. Osika's hours to account for
excessiveness.  *Sheehan*, 853 F. Supp. 2d at 1044)
(citing *Gates*, 987 F.2d at 1399) ("The court need not

66

set forth an hour-by-hour analysis of the fee request
but may instead make across-the-board percentage cuts
to the number of hours claimed as a 'practical means of
trimming the fat' from a fee application.").

    9.   HRDC's Hours

    Mr. Erteschik requests fees for the 57.8 hours he
expended in this case.  *See* ECF No. 126-9 at 1.  The
State argues that the Court should reduce 5.7 hours of
Mr. Erteschik's time for over conferencing and 7.5
hours for duplicative time.  *See* ECF No. 130 at 17
(asserting that $2,945 of Mr. Erteschik's fees were for
over conferencing); *id*. at 18 (asserting that $2,250 of
Mr. Erteschik's fees were for duplication).

    First, the Court is unpersuaded by the State's
argument that Mr. Erteschik's requested 8 hours for
conferencing with AHFI attorneys are unreasonable
simply because it accounts for more than 4% of Mr.
Erteschik's total time expended in this case.  The
State offers no evidence to support this arbitrary
number nor does the State specifically object to any of
his entries.  The Court has reviewed each of Mr.

Erteschik's entries related to conferencing with AHFI attorneys, and finds that the time expended is reasonable. Accordingly, the Court recommends granting all of Mr. Erteschik's time for conference-related tasks. *Moreno*, 534 F.3d at 1116 ("If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, it should normally grant the award in full, or with no more than a haircut").

Second, the Court is unpersuaded by the State's objection to the hours billed by Mr. Erteschik for attending the same conferences and hearings that AHFI attorneys attended. ECF No. 130 at 17. Plaintiffs argue that this civil rights class action involved a complex Medicaid Act issue. ECF No. 131 at 14. Plaintiffs assert that whereas AHFI had particular expertise in complex civil litigation, HDRC had particular expertise and experience in the Medicaid Act issues. *Id*. Plaintiffs thus contend that it was reasonable to have at least one lawyer from AHFI and one from HDRC attend the hearings, meetings, and

68

settlement conferences. *Id*. The Court agrees with Plaintiffs. *See Reed*, 388 F.3d at 1286-87 (opining that duplication may be necessary for a lawyer who has worked on the case and will be working on it subsequently to observe argument so that he/she may judge how to proceed later). Accordingly, the Court finds that Mr. Erteschik's hours attending the disputed conferences and hearings are reasonable. *Id*. ("Courts must exercise judgment and discretion, considering the circumstances of the individual case, to decide whether there was unnecessary duplication.").

C. Final Lodestar Figure

Notwithstanding the foregoing deductions recommended by this Court, the Court finds that the remaining 1,344.4 hours expended in this litigation are reasonable. Below is a breakdown of this Court's fees findings.

Final Calculations

AHFI

| Name | Total Hours Requested | Intra-Office Conferencing Deductions | Insufficient Detail | Clerical Deductions | Complaint Related Deductions | PI Motion And First Class Certification Motion Related Deductions | Duplicative Attendance Deductions | Total Compensable Hours After Specific Deductions | Across The Board Deductions | Total Compensable Hours |
|---|---|---|---|---|---|---|---|---|---|---|
| PA | 42.4 | 6.5 | | | | 5.7 | | 30.2 | | 30.2 |
| KRHO | 547.6 | 9.7 | 2.3 | 2.0 | 16.9 | 48.3 | 1 | 467.4 | | 467.4 |
| ARYA | 40.4 | 2.0 | | | | | | 38.4 | | 38.4 |
| MAOS | 992.0 | 22.7 | 10.4 | 9.0 | 15.3 | 120.6 | 16.3 | 797.7 | 39.9 | 757.8 |
| WAC, KG, KAL | 64.0 | 2.2 | | 6.0 | | 5.2 | | 50.6 | | 50.6 |
| TOTAL HOURS | 1,686.4 | 43.1 | 12.7 | 17.0 | 32.2 | 179.8 | 17.3 | 1,384.3 | 39.9 | 1,344.4 |

HDRC

| Name | Case Development, Background Investigation, and Case Administration | Pleadings | Interrogatories, Document Production, and Other Written Discovery | Depositions | Motions Practice | Attending Court Hearings | Trial Preparation and attending Trial | Post-Trial Motions | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| LE | 22.4 | 5.0 | 0.5 | 6.0 | 2.4 | 15.5 | 0.0 | 6.0 | 57.8 |

Total Recommended Fee Award

| Name | Rate/Hour | Total Hours | TOTAL FEE |
|---|---|---|---|
| Paul Alston | $525 | 30.2 | $15,855.00 |
| Kristin Holland | $325 | 467.4 | $151,905.00 |
| Aryanna Abouzari | $200 | 38.4 | $7,680.00 |
| Maile Osika | $165 | 757.8 | $125,037.00 |
| Wendi A. Chang Kelly Guadagno Kanani Akina-Lee | $110 | 50.6 | $5,566.00 |
| HDRC: Louis Erteschik | $300 | 57.8 | $17,340.00 |
| | | 1,402.2 | $323,383.00 |

Accordingly, the Court recommends that the district court award AHFI a total of $306,043.00 in fees and HDRC a total of $17,340.00 in fees.

CONCLUSION

Based on this Court's findings and recommended deductions discussed above, the Court recommends that the district court GRANT IN PART and DENY IN PARTY Plaintiffs' Motion for Attorneys' Fees and Related Non-Taxable Expenses. The Court recommends that the district court award Plaintiffs a total of $332,383.00 in fees, and deny Plaintiffs' request for fees in all other respects.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai‘i, July 20, 2017.



    /S/ Kenneth J. Mansfield
    Kenneth J. Mansfield
    United States Magistrate Judge


CV14-00399 HG-KJM; *J.E., THROUGH HIS PARENT SUZANNE EGAN, for themselves and on behalf of a class of those similarly situated; and the HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated v. RACHAEL WONG, in her official capacity as Director of the State of Hawaii, Department of Human Services;* AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES