IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| J.E., THROUGH HIS PARENT SUZANNE EGAN, for themselves and on behalf of a class of those similarly situated; and HAWAII DISABILITY RIGHTS CENTER, in a representative capacity on behalf of its clients and all others similarly situated,<br><br>        Plaintiffs,<br><br>    vs.<br><br>RACHAEL WONG, in her official capacity as Director of the State of Hawaii, Department of Human Services,<br><br>        Defendant.<br>_____ | ) CIV. NO. 14-00399 HG-KJM<br>)<br>) (1) ORDER GRANTING<br>) PLAINTIFFS' MOTION FOR<br>) LEAVE TO FILE SUPPLEMENT TO<br>) PLAINTIFFS' MOTION FOR<br>) ATTORNEYS' FEES AND RELATED<br>) NON-TAXABLE EXPENSES;<br>) (2) FINDINGS AND<br>) RECOMMENDATION TO GRANT IN<br>) PART AND DENY IN PART<br>) PLAINTIFFS' MOTION FOR<br>) SUPPLEMENTAL FEES; AND<br>) (3) ORDER GRANTING IN PART<br>) AND DENYING IN PART<br>) PLAINTIFFS' MOTION FOR<br>) RECONSIDERATION OF AMENDED<br>) FINDINGS AND RECOMMENDATION<br>) TO GRANT IN PART AND DENY<br>) IN PART PLAINTIFFS' MOTION<br>) FOR ATTORNEYS' FEES AND<br>) RELATED NON-TAXABLE<br>) EXPENSES [ECF NO. 167]<br>)<br>) |

(1) ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO
FILE SUPPLEMENT TO PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES AND RELATED NON-TAXABLE EXPENSES; (2) FINDINGS
AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFFS' MOTION FOR SUPPLEMENTAL FEES; AND
(3) ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR RECONSIDERATION OF AMENDED
FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES
AND RELATED NON-TAXABLE EXPENSES [ECF NO. 167]

INTRODUCTION

The issues resolved by the Court in this decision
arise from claims filed against Rachael Wong, in her
capacity as Director of the State of Hawaii's
Department of Human Services ("the State") by
Plaintiffs J.E., through his parent Suzanne Egan, for
themselves and on behalf of a class of those similarly
situated; and Hawaii Disability Rights Center ("HDRC"),
in a representative capacity on behalf of its clients
and all others similarly situated (collectively,
"Plaintiffs").  The background of the litigation is
detailed in the district court's August 12, 2016 Order
Granting, in Part, and Denying, in Part, Plaintiffs'

Motion for Summary Judgment ("August 12 Order").  *See*
ECF No. 123.

In its August 12 Order, the district court
concluded that Plaintiffs were the prevailing party in
the action and "entitled to attorneys' fees in
presenting their entire case," even though there were
issues that were either unresolved or on which
Plaintiffs did not prevail.  *See* ECF Nos. 123 at 48-49.
The matter was subsequently referred to this Court to
determine the amount of reasonable attorneys' fees in
accordance with Local Rule 54.3.

PROCEDURAL HISTORY

The parties in this action are familiar with the
procedural history of Plaintiffs' attorneys' fee
requests made pursuant to the district court's August
12 Order.  The procedural history is also set forth in
this Court's Amended Findings and Recommendation to
Grant in Part and Deny in Part Plaintiffs' Motion for
Attorneys' Fees and Related Non-Taxable Expenses issued
on July 20, 2017 ("July 20 Findings and

Recommendation"). *See* ECF No. 123 & 167.  The Court thus details the background of Plaintiffs' attorneys' fee requests only to the extent necessary to analyze the matters presently before the Court.

Plaintiffs filed their Motion for Attorneys' Fees and Related Non-Taxable Expenses on August 26, 2016 ("Original Fees Motion").  Prompted by the State's use of the Declaration of James P. Schratz ("Schratz Declaration") as the State's substantive opposition to Plaintiffs' Original Fees Motion, the parties subsequently submitted additional briefing on the propriety of the Schratz Declaration.  *See* ECF Nos. 133-34, 137-38.

On February 2, 2017, the Court ordered the parties to meet and confer, and to file Statements of Consultations.  *Id*.  The parties subsequently engaged in settlement discussions between February 14, 2017, and March 6, 2017.  *See* ECF Nos. 147-48, 150, 151-53. On March 10, 2017, the parties reached a settlement subject to legislative approval.  ECF No. 155.  The

4

Court permitted Plaintiffs to re-notice the Original
Fees Motion if legislative approval could not be
obtained, but indicated that it would not permit any
further briefing on the Original Fees Motion.  *Id*.

The State was unable to obtain legislative approval
of the settlement.  On June 23, 2017, Plaintiffs filed
their Request for a Decision on the Original Fees
Motion, requesting that the Court issue a decision on
the Original Fees Motion.  *See* ECF No. 160.  On June
30, 2017, Plaintiffs filed their Motion for Leave to
Supplement Plaintiffs' Motion for Attorneys' Fees and
Related Non-Taxable Expenses ("Supplemental Fees
Motion"), seeking leave to supplement their Original
Fees Motion for the time period beginning on 08/25/16,
and ending in July of 2017.  *See* ECF No. 162.  The
State filed its opposition to the Supplement Fees
Motion on July 14, 2017.  *See* ECF No. 165.  Plaintiffs
filed their reply on July 19, 2017.  *See* ECF No. 175.

The July 20 Findings and Recommendation issued by
this Court addressed only the attorneys' fees requested

by Plaintiffs in their Original Fees Motion for the following periods:  (1) the period beginning on 07/16/14 and ending on 06/06/16 for Alston Hunt Floyd & Ing ("AHFI"); and (2) the period beginning on 06/24/14 and ending on 08/12/16 for the HDRC.  *See* ECF Nos. 126-6 (08/26/16 Fees breakdown from AHFI) & 126-10 (08/26/16 Fees breakdown from HDRC).  On August 3, 2017, Plaintiffs filed their Motion for Reconsideration ("Motion for Reconsideration"), requesting that this Court reconsider its July 20 Findings and Recommendation.  *See* ECF No. 171.  The State filed its opposition to the Motion for Reconsideration on August 16, 2017.  *See* ECF No. 174.  Plaintiffs filed their reply on August 23, 2017.  *See* ECF No. 175.

The matters presently before the Court are Plaintiffs' Supplemental Fees Motion and Plaintiffs' Motion for Reconsideration.  The Court resolves each of these motions in this decision.

(1) ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE
TO FILE SUPPLEMENT TO PLAINTIFFS' MOTION FOR ATTORNEYS'
FEES AND RELATED NON-TAXABLE EXPENSES;
(2) FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
<u>DENY IN PART PLAINTIFFS' MOTION FOR SUPPLEMENTAL FEES</u>

Plaintiffs' Supplemental Fees Motion seeks leave to supplement their Original Fees Motion.  ECF No. 162. The State does not object to Plaintiffs' request to supplement their Original Fees Motion; it objects only to the reasonableness of the fees requested in Plaintiff's Supplemental Fees Motion.  Based on the lack of opposition from the State, and the Court's own finding that Plaintiffs are entitled to the supplemental attorneys' fees they incurred litigating the attorneys' fees issue, the Court GRANTS Plaintiffs' request for leave to supplement the Original Fees Motion.

Notwithstanding this Court's finding that Plaintiffs are entitled leave to supplement their Original Fees Motion, Plaintiffs' requested fees must nonetheless be reasonable.  Accordingly, the Court must

7

evaluate the reasonableness of the fees requested by Plaintiffs in their Supplemental Fees Motion.

DISCUSSION

Courts use the lodestar method for calculating an award of reasonable attorneys' fees in Section 1983 cases. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also* 42 U.S.C. § 1988(b) (providing reasonable attorney's fees to prevailing parties of actions enforcing a provision of Section 1983). "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). "Adjustments to that fee then may be made as necessary in the particular case." *Blum v. Stenson*, 465 U.S. 886, 888 (1984).

I. Reasonable Hourly Rate

The "district court must determine a reasonable hourly rate to use for attorneys and paralegals in computing the lodestar amount." *Gonzalez*, 729 F.3d at

1205.  Reasonable fees under § 1988 are calculated according to the prevailing market rates in the relevant community.  *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005); *see also Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001) (noting that the district court must use the market rate to determine a fee under § 1988).  Generally, "the relevant community is the forum in which the district court sits."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

In its July 20 Findings and Recommendation, based on the Court's experience with attorneys' fees motions, the Court's knowledge of the prevailing rates in the community, and the information provided by Plaintiffs' counsel, including information regarding their experience, skill, and reputation, this Court recommended the following hourly rates for Plaintiffs' counsel related to the work expended on their Original Fees Motion:

| Name | Title | Rate/ Hour |
|------|-------|-----------|
| Paul Alston | Partner | $525 |
| Kristin Holland | Of Counsel | $325 |
| Louis Erteschik | Director | $300 |
| Aryanna Abouzari | Associate | $200 |
| Maile Osika | Associate | $165 |
| Wendi A. Chang | Paralegal | $110 |
| Kelly Guadagno | Paralegal | $110 |
| Kanani Akina-Lee | Paralegal | $110 |

Plaintiffs argue in their Reply to the Supplemental Fees Motion that these foregoing rates are not reasonable.  Plaintiffs assert that the Ninth Circuit "teaches that the fees should be based upon the record evidence about current rates" and thus, the foregoing recommended rates are not the "prevailing market rates."  ECF No. 166 at 3.  Plaintiffs argue that it is an abuse of discretion under Ninth Circuit law to apply market rates in effect more than two years before the subject work was performed.  *Id.* at 6.  Plaintiffs thus assert that this Court erred by applying stale rates and that the Court should instead, apply the following rates to their Supplemental Fees Motion:

| Name | Title | Rate/ Hour |
|---|---|---|
| Paul Alston | Partner | $647.46 |
| Kristin Holland | Of Counsel | $375.00 |
| Maile Osika | Associate | $195.00 |
| Wendi A. Chang | Paralegal | $135.00 |

*See id.* at 5.

The Court appreciates Plaintiffs' arguments regarding reasonable rates in this district. "[A] critical inquiry in determining a reasonable attorneys' fee for purposes of § 1988 is the reasonable hourly rate." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). Accordingly, this Court recognizes the importance of determining reasonable hourly rates for these cases in this district. The Court thus takes this opportunity to expound further its reasoning for applying the rates recommended in its July 20 Findings and Recommendation.

First, statutes providing for the award of attorney's fees "were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee

arrangement with his client." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, (1986), *supplemented*, 483 U.S. 711 (1987). "Instead, the aim of such statutes was to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Id*. Thus, if a plaintiff finds it "possible to engage a lawyer based on the statutory assurance that" the lawyer will be paid a "'reasonable fee,' the purpose behind the fee-shifting statute has been satisfied." *Id.; see also Blum v. Stenson*, 465 U.S. 886, 897 (1984) ("[A] reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys." (ellipsis, brackets, and internal quotation marks omitted)).

Here, Plaintiffs were able to engage competent counsel. Accordingly, given that the aim of the statute has been satisfied, this Court's duty with respect to Plaintiffs' Supplemental Fees Motion is not

to replicate exactly the fee AHFI could have earned through a private fee arrangement with its client; rather, this Court's obligation is to ensure that the rates awarded are reasonable and consistent with the prevailing rates in the community.

Second, the Ninth Circuit has held that the district court has discretion to apply the rates in effect at the time the work was performed or, where appropriate, to compensate for any lengthy delays in receiving payment. *Bell v. Clackamas Cty.*, 341 F.3d 858, 860 (9th Cir. 2003) (citing *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997); *Schwarz v. Secretary of HHS*, 73 F.3d 895, 908-09 (9th Cir. 1995)).  This Court's review of this district's decisions on attorneys' fees demonstrates that courts in this district generally apply market rates from the period of litigation rather than the prevailing market rates at the time a fees motion is filed or decided. *See*, *e.g.*, *E.R.K v. Dep't of Educ.*, No. CIVIL NO. 10-00436 SOM/KSC, 2016 WL 845301, at *3 (D. Haw. Mar. 1, 2016)

(explaining that the court was unlikely to award 2016
rates for work performed in 2010); *BlueEarth Biofuels,
LLC v. Hawaiian Elec. Co., Inc*., No. CIV. 09-00181 LEK-
KSC, 2015 WL 881577, at *3 (D. Haw. Feb. 27, 2015)
(rejecting the defendant's argument that courts in this
district typically look to the rates in effect at the
time of the prevailing party's fee application and
adopting the magistrate judge's recommended rates,
which were the prevailing rates during the period of
the litigation).  Indeed, it is only an abuse of
discretion to "apply market rates in effect more than
two years *before* the work was performed."  *Bell*, 341
F.3d at 861 (emphasis in original).  Thus, it would
have been improper for this Court to apply market rates
in effect before 2014, the year Plaintiffs commenced
this action.  Otherwise, this Court had discretion to
award either the prevailing rates in effect at the time
of the litigation, or if warranted, the prevailing
rates at the time Plaintiffs filed their motion for
attorneys' fees.

This district has on occasion applied the prevailing rates in effect at the time a fees motion was filed rather than the prevailing rates at the time of litigation, but only where the circumstances of the case have warranted such application.  For example, in *Booth v. Wong*, the litigation period spanned between 2010 and 2013; however, because of an order staying the action, the court did not decide the plaintiff's motion for attorneys' fees in the case until 2015, over two years after the fees motion had been filed.  Civil No. 10-00680 DKW-RLP, 2015 WL 4663994, at *1 (D. Haw. July 17, 2015), *adopted by*, 2015 WL 4676343 (D. Haw. Aug. 5, 2015).  When the stay was lifted in 2015, the Court applied 2013 prevailing rates to the fee request, which was the year the plaintiff had originally filed her motion for attorneys' fees.  *Id*. at *3 (citing in support of the court's recommended rates, *Sunday's Child, LLC v. Irongate Azrep BW LLC*, Civil No. 13-00502 DKW-RLP, 2014 WL 2451560, at *3 (D. Haw. May 30, 2014), which applied 2013 rates for work performed in 2013).

Accordingly, even in the face of a two-year delay, the court appears to have applied rates it found prevailing in 2013.

Here, in recognition that the litigation in this case spanned between 2014 and 2016, but that there had been some delay in this case with regard to the Original Fees Motion, this Court attempted to strike a fair balance and recommended rates that this Court found were in line with the prevailing rates awarded in this district for work performed between 2015 to 2016. A review of the rates awarded by this district demonstrates that the rates recommended by this Court in its July 20 Findings and Recommendation are consistent with and/or exceed the rates this district has awarded attorneys with experience similar to Plaintiffs' attorneys for work performed in 2014, 2015, and 2016.  *See Bruser v. Bank of Haw.*, No. CV 14-00387 LEK-RLP, 2017 WL 1534189, at *1 (D. Haw. Apr. 27, 2017) (adopting the magistrate judge's recommended hourly rates of: $325, $320, and $300 for partners with 35,

16

34, and 27 years of experience, respectively; $285 for
a partner with 24 years of experience, $150 for an
associate with two years of experience, and $105 for a
paralegal with 40 years of experience for work
performed between 2014 and 2016); *Honolulu Acad. of
Arts v. Green,* CIVIL NO. 15-00355 DKW-KSC, 2017 WL
1086224, at *8 (D. Haw. Feb. 28, 2017), *adopted by*,
2017 WL 1091309 (D. Haw. Mar. 21, 2017) (awarding an
attorney with 35 years of experience an hourly rate of
$350, a partner at a San Francisco firm with 25 years
of experience an hourly rate of $325, and a paralegal
with 18 years of experience an hourly rate of $90, for
work performed between 2015-2016); *Benihana of Tokyo,
LLC v. Angelo, Gordon & Co., Benihana, Inc*., No. Civ.
No. 15-00028 ACK-RLP, 2015 WL 5439357, at *6 (D. Haw.
Sept. 14, 2015) (awarding attorneys with 41 and two
years of experience hourly rates of $500 and $150,
respectively, for work performed in 2015); *Balboa v.
Haw. Care & Cleaning, Inc*., Civil No. 14-00009 ACK-RLP,
2015 WL 4418304, at *3 (D. Haw. June 23, 2015), *adopted*

*by*, 2015 WL 4418712 (D. Haw. July 17, 2015) (awarding attorneys with 47 and 18 years of experience hourly rates of $400 and $285, respectively, for work performed in 2014); *Algal Partners, L.P. v. Santos*, Civ. No. 13-00562 LEK-BMK, 2014 WL 7420442, at *4 (D. Haw. Dec. 31, 2014) (awarding attorneys with over 40 and 30 years of experience hourly rates of $375 and $300, respectively, and $150 for second year associates for work performed in 2014).[1]

Accordingly, although it was well within this Court's discretion to apply lower rates to Plaintiffs' Original Fees Motion, i.e. 2014 prevailing rates, this Court recommended rates that, apart from fees awarded pursuant to an agreement between the parties, are higher than any hourly rate this district has awarded

---

[1]   The Court also notes that its recommended rates were consistent with/or exceeded the "Middle" City and County attorneys' fees rates Ms. Holland summarized in her Declaration attached to Plaintiffs' Rebuttal to the Testimony of James P. Schratz, filed November 17, 2016, and in Plaintiffs' Reply to the Supplemental Fees Motion.  *See* ECF No. 133-1 at 5; ECF No. 166 at 7 (providing $400, $340, and $165 as the City and County's "Middle" rates for attorneys with similar skills and levels of experience as Mr. Alston, Ms. Holland, and Ms. Osika, respectively.

to date to attorneys with experience similar to that of
Mr. Alston and Ms. Holland.  Incidentally, Plaintiffs
are unable to cite to a decision in this district that
awards the rates they are requesting in the
Supplemental Fees Motion.

Finally, the Court recognizes the important
contributions Plaintiffs' counsel has made in this case
and in other civil rights litigation.  This Court also
recognizes that each of Plaintiffs' attorneys may
charge certain clients rates much higher than those
requested in their fees motions.  *See* ECF No. 166 at 5
n.1 (arguing that "Mr. Alston currently charges new
clients rates as high as $840 per hour for complex
litigation," and that the "fact that sophisticated
clients are willing to pay these rates is the best
evidence of the 'market'").  This Court's obligation,
however, is to apply prevailing market rates in the
relevant community, which is the forum in which this
district court sits, not to ensure Plaintiffs' counsel
is compensated at the highest rate they can earn

through a private fee arrangement with their clients.[2]

This Court is intimately familiar with the prevailing rates in the community and the rates during the time of this litigation.  The Court finds that the rates awarded in its July 20 Findings and Recommendations are consistent with the prevailing rates in this community and thus applies these rates to the Supplemental Fees Motion.  Accordingly, the Court RECOMMENDS that the district court award the following rates for the Supplemental Fees Motion:

| Name | Title | Rate/ Hour |
|------|-------|-----------|
| Paul Alston | Partner | $525 |
| Kristin Holland | Of Counsel | $325 |
| Maile Osika | Associate | $165 |
| Wendi A. Chang | Paralegal | $110 |

II.  Hours Reasonably Expended

Plaintiffs request a total of $50,638.74 in fees for the work performed in this action beginning in August of 2016.  *See* ECF No. 162-3 (providing summary

---

[2]  Conversely, Plaintiffs' counsel do not identify the lowest rate at which they perform legal work; nor would the Court hold counsel to such rates if lower than those awarded here.  Neither end of the spectrum drives the Court's inquiry.

totals).  The Court performed its own calculations based on the information provided by Plaintiffs to determine the hours requested by each of the attorneys. *See* ECF No. 162-4 (providing itemization of the total hours expended in this action).  Plaintiffs request 12.2 hours for Mr. Alston, 52.1 hours for Ms. Holland, 125.1 hours for Ms. Osika, and 45.4 hours for Ms. Chang.

The State opposes various entries in Plaintiffs' Supplemental Fees Motion, and requests that the Court deduct time for those entries lacking sufficient detail and for entries requesting fees for impermissible clerical tasks.

A.  Insufficient Detail

The State contends that the following entries "lack adequate detail to determine the nature and need for these tasks":

| 09/03/2016 | Paul Alston ("PA") | emails from and to L. Erteschik re DHS director | 0.2 |
| 09/19/2016 | PA | emails from and to L. Erteschik re strategy | 0.2 |
| 10/21/2016 | Kristin | follow up on meeting with | 0.4 |

|  | Holland ("KRHO") | DHS |  |
|---|---|---|---|
| 10/31/2016 | KRHO | follow up on meeting (.2) | 0.2 |
| 05/04/2017 | PA | conference with K. Holland | 0.3 |

ECF No. 165 at 3.  Plaintiffs counter that these entries are sufficiently detailed and thus, Plaintiffs are not required to provide any further information. *See* ECF No. 166 at 10.  In addition, Plaintiffs argue that although the 10/31/2016 entry "vaguely" describes a "meeting," taken in context with other time entries, the entry "clearly refers to the meeting with DHS that counsel was trying to arrange."  ECF No. 166 at 11 n.3.

First, the Court finds that all but one of Mr. Alston's entries are sufficient in detail.  Mr. Alston's 05/04/2017 entry totaling 0.3 hours states only, "conference with K. Holland."  This description alone does not provide sufficient information for this Court to "make a fair evaluation of the time expended, the nature and need for the service, and the reasonable fees to be allowed."  *United Steel Workers v. Ret. Income Plan*, 512 F.3d 555, 565 (9th Cir. 2008). Accordingly, the Court recommends deducting 0.3 hours

22

from Mr. Alston's time for the insufficiently detailed 05/04/2017 entry.

Next, the Court finds that Ms. Holland's entries related to her "follow up" with DHS do not provide enough information to determine their reasonableness. In addition to the entries identified by the State, Ms. Holland expended an additional 0.2 hours on 10/28/2016 to "follow up on meeting with DHS" for a total of 0.8 hours expended simply "following up" on a meeting. *See* ECF No. 162-4 at 5.  These descriptions alone are insufficient for this Court to discern whether these tasks were legal in nature, clerical, reasonable, or necessary.

Based on the information provided, the Court finds that 0.1 hours is a more reasonable amount of time to follow up on a meeting.  Accordingly, the Court recommends that the district court deduct 0.7 hours from Ms. Holland's time for the 10/21/2016, 10/28/2016, and 10/31/2016 entries described only as "follow up" or "follow up on meeting with DHS."

B.  Clerical Tasks

The State contends that the following entries are

clerical and thus, non-compensable:

| 08/16/2016 | Maile Osika ("MAOS") | confirm calendar deadline re same | 0.1 |
|---|---|---|---|
| 09/22/2016 | MAOS | review and analyze EO re times for MIO to attorneys [sic] fees motion and reply re same | 0.3 |
| 02/24/2017 | PA | review ECF and email re settlement | 0.2 |
| 02/27/2017 | PA | review notice of further settlement conference | 0.1 |
| 06/13/2017 | KRHO | review notice of hearing regarding status conference re attorneys [sic] fees | 0.1 |
| 06/20/2017 | MAOS | phone call from Judge Mansfield's chambers re status of re-noticed attorneys' fees motion | 0.1 |

ECF No. 165 at 3-4.  The Court finds that these tasks,

which involved verifying deadlines, reviewing ECF

notifications, and handling calls initiated by

chambers, were legal in nature and thus, properly

performed by Plaintiffs' counsel.  Nonetheless,

although the Court finds that these tasks were not

clerical, the Court finds that Ms. Osika's 09/22/2016

entry totaling 0.3 hours to "review and analyze EO re

times for MIO to attorneys [sic] fees motion and reply
re same" is excessive.

On September 22, 2016, the Court issued the
following EO: "The Court will decide the 126 MOTION
for Attorney Fees and Related Non-Taxable Costs without
a hearing. The Opposition is due 10/03/2016 and the
Reply is due 10/17/2016." ECF No. 129. The Court does
not find this EO to contain information that would take
0.3 hours to "review and analyze." The Court informed
the parties that the Court would decide the motion
without a hearing and provided the parties with exact
dates to submit their opposition and reply briefs.
Based on Ms. Osika's description, the Court finds that
0.1 hours is a more reasonable amount of time to expend
on reviewing and analyzing this straight-forward EO.
Accordingly, the Court recommends deducting 0.2 hours
from Ms. Osika's time.

  C.  Total Recommended Fee Award

     Notwithstanding the Court's findings regarding
reasonable rates and the foregoing recommended

deductions, the Court finds that the fees requested in

the Supplement Fees Motion are reasonable in all other

respects.  Accordingly, the Court finds that the

following fees are reasonable:

| Name | Rate/Hour | Total Hours | TOTAL FEE |
|---|---|---|---|
| Paul Alston | $525 | 11.9[3] | $6,247.50 |
| Kristin Holland | $325 | 51.4[4] | $16,705.00 |
| Maile Osika | $165 | 124.9[5] | $20,608.50 |
| Wendi A. Chang | $110 | 45.4 | $4,994.00 |
| Deduction of previously estimated time related to the Original Fees Motion, including General Excise Tax ("GET") | | | $10,052.35 |
| SUBTOTAL | | | $38,502.65 |
| GET (4.712%) | | | $1,814.24 |
| TOTAL | | | $40,316.89 |

The Court thus RECOMMENDS that the district court

award Plaintiffs a total of $40,316.89 for the fees

requested in their Supplemental Fees Motion.

---

[3]  12.2 hours requested-0.3 hours for insufficient detail=11.9 hours

[4]  52.1 hours requested-0.7 hours for insufficient detail=51.4 hours

[5]  125.1 hours requested-0.2 hours for excessive time=124.9 hours

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR RECONSIDERATION

Plaintiffs' Motion for Reconsideration asks this
Court to reconsider some of the deductions recommended
in its July 20 Findings and Recommendation.  *See* ECF
No. 171.  Plaintiffs specifically asks this Court to
reconsider its recommendation:  (1) to deny Plaintiffs
fees for work performed on the December 1, 2014 Motion
for Preliminary Injunction ("PI Motion"), withdrawn on
December 10, 2014, and the December 1, 2014 Motion to
Certify Class and Appointment of Class Counsel ("First
Motion to Certify"), withdrawn on January 2, 2015
(collectively, "Withdrawn Motions"); (2) to deduct the
number of hours Plaintiffs' counsel expended on the
September 5, 2014 Complaint and December 1, 2014 First
Amended Complaint; and (3) regarding reasonable hourly
rates.  ECF No. 171-1 at 5-6.  For the reasons
discussed below, the Court GRANTS IN PART AND DENIES IN
PART Plaintiffs' Motion for Reconsideration.

DISCUSSION

"Any party may move for reconsideration before the
magistrate judge pursuant to LR60.1."  LR74.1.  Rule
60.1 provides that motions for reconsiderations may be
brought only upon:  "(a) Discovery of new material
facts not previously available; (b) Intervening change
in law; [or] (c) Manifest error of law or fact."
Whether or not to grant a motion for reconsideration is
left to the sound discretion of the court.  *Navajo
Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003).

With these foregoing principles in mind, the Court
discusses each of Plaintiffs' requests in turn.

I.   Hours Reasonably Expended

Plaintiffs argue that they are entitled to fees for
their Withdrawn Motions based on the district court's
holding that Plaintiffs were entitled to attorneys'
fees in presenting their entire case, even though there
were issues that were either unresolved or on which
Plaintiffs did not prevail.  ECF No. 171-1 at 9.
Plaintiffs contend that this Court draws a "false

28

distinction" between (1) unresolved issues and issues on which Plaintiffs did not prevail, and (2) motions that were never adjudicated by the district court, and that such reasoning leads to a "nonsensical result." *Id*. Plaintiffs contend that if Plaintiffs had not withdrawn their Withdrawn Motions, "but had left them on the Court's calendar and they were denied, the work related to drafting them and pursuing them would be compensable." *Id*. at 9-10.

Plaintiffs repeatedly emphasize that they are entitled to attorneys' fees in presenting their entire case. This Court does not disagree with Plaintiffs; however, this Court reminds Plaintiffs that the district court's August 12 Order grants Plaintiffs an award of *reasonable* attorneys' fees and costs. Fundamental to a court's determination of reasonable fees is the court's assessment of the "extent to which fees and costs could have been avoided or were self-imposed." *Tirona v. State Farm Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 637 (D. Haw. 1993). Such assessment

is not discretionary; it is mandatory.  *Id.* ("In determining reasonable fees the court also *must* assess the extent to which fees and costs could have been avoided or were self-imposed.") (emphasis added) (citing *INVST Fin. Grp. v. Chem-Nuclear Sys.*, 815 F.2d 391, 404 (6th Cir. 1987), *cert denied*, 484 U.S. 927 (1987)).

Here, the record reflected that Plaintiffs voluntarily withdrew their PI Motion ten days after they filed it.  Plaintiffs contended that their withdrawal of the PI Motion was "based on Defendant's representation to Plaintiffs and the Court that it removed the exclusion of coverage for Applied Behavioral Analysis ("ABA") services from Medicaid's QI RFP, to be implemented on January 1, 2015, which Plaintiffs' Motion sought to enjoin."  ECF No. 23 at 2. Plaintiffs similarly contended that their withdrawal of the First Motion to Certify was "based on Defendant's representation to Plaintiffs and the Court that it removed the exclusion of coverage for Applied

Behavioral Analysis ("ABA") services from Medicaid's QI
RFP, to be implemented on January 1, 2015."   ECF No. 26
at 2.   There was nothing else in the record evidencing
the reason for these withdrawals.

The State then alleged in its Opposition to
Plaintiffs' Original Fees Motion that Plaintiffs had
withdrawn the Withdrawn Motions because the State had
eliminated the language that had prompted these
motions, but that in any event, these motions had been
filed based on a "faulty interpretation of an old
contract."   ECF No. 130 at 15.   Rather than refuting
these statements, Plaintiffs argued only that the "fee
award should not be reduced simply because the
plaintiff failed to prevail on every contention raised
in the lawsuit."   ECF No. 133 at 10.

The Court unequivocally affirms that attorneys'
fees for withdrawn motions are compensable in some
instances.   In addition, the Court agrees with
Plaintiffs that whether a motion is adjudicated is not
a determining factor for establishing whether requested

fees for withdrawn motions are reasonable.
Nonetheless, the adjudication of a motion, and the
subsequent order on that motion, serves as important
substantiation for the number of hours expended on a
particular motion.  Without a decision on these
motions, this Court did not have any basis to determine
whether the 179.8 hours requested by Plaintiffs for the
Withdrawn Motions were reasonable.  Accordingly,
Plaintiffs' task, at minimum, was to address the
State's contentions that the Withdrawn Motions were
unnecessary and based on Plaintiffs' "incorrect
interpretation of an outdated contract."  *See* ECF No.
130-1 at 2.

Plaintiffs' suggestion that this Court's task with
respect to Original Fees Motion was only to determine
"whether the expenditure of time on the legal issues"
in the motion was reasonable, and not whether the work
performed on a motion was reasonable, is a dangerous
proposition.  Plaintiffs essentially equate the
district court's August 12 Order with a blank check.

The Court disagrees, however, that the district court's holding that Plaintiffs are entitled to fees for "presenting their entire case, even though there are issues that are either unresolved or on which Plaintiffs did not prevail," evidences that Plaintiffs were relieved of justifying how the 179.8 hours expended on the Withdrawn Motions, one of which was filed again a year later and denied because the court found it was "premature," is "reasonable" in this case.[6] *See* ECF No. 108 at 7 (Findings and Recommendation to Deny Plaintiffs' Motion for Class Certification filed December 10, 2015).

"That the plaintiff is a 'prevailing party' . . . may say little about whether the expenditure of counsel's time was reasonable in relation to the success achieved." *Hensley*, 461 U.S. at 436 (1983). Implicit in the lodestar method is the court's obligation to determine whether certain hours expended

---

[6] The Court notes that it recommended that the district court grant all of Plaintiffs' requested fees for the time expended on the second Motion for Class Certification filed on December 10, 2015. *See* ECF No. 57–58.

were "excessive, redundant, or otherwise unnecessary."
*Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245,
261–62 (N.D. Cal. 2015) ("In terms of the reasonable
amount of time spent, the Court should only award fees
based on 'the number of hours reasonably expended on
the litigation' and should exclude 'hours that are
excessive, redundant, or otherwise unnecessary.'")
(citing *Hensley*, 461 U.S. at 433–34).  Moreover,
nothing in the record evinces that the Withdrawn
Motions involved "unresolved" issues or issues on which
Plaintiffs did not prevail.

Plaintiffs failed to assert any cogent reasons why
the hours expended on the Withdrawn Motions should not
be eliminated despite the allegations in the
declaration attached to the State's opposition to the
Original Fees Motion.  Accordingly, based on the
State's arguments and the record before the Court, this
Court found that 179.8 hours requested by Plaintiffs

for the Withdrawn Motions were excessive.[7]

Because the Court finds that Plaintiffs' request that this Court reconsider its July 20 Findings and Recommendation related to the Withdrawn Motions is not based on discovery of new material facts not previously available; an intervening change in law; or a manifest error of law or fact, the Court declines to reconsider its recommendation to the district court to deny fees for the 179.8 hours expended on the Withdrawn Motions. *See White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

II.  Hours Expended on the First Amended Complaint

Plaintiffs contend that they were entitled to all of their fees for the time expended on their Original Complaint filed on September 5, 2014, and their First Amended Complaint filed on December 1, 2014 (collectively, "Complaints").  First, Plaintiffs argue that Ms. Holland's time added independent value to the

---

[7]  The Court notes that this amounts to approximately $39,000 in fees at the hourly rates this Court has recommended.

case and should not be summarily discounted simply
because this Court "presume[d]" Ms. Holland's time was
spend supervising Ms. Osika's work.  ECF No. 171-1 at
at 14.  Second, Plaintiffs contend that this Court's
reduction of the hours were based on the Court's
incorrect perception of the complexity of the case and
what was involved in working on the Complaints.  *Id.*

The Court respects Plaintiffs' right to disagree
with this Court's decisions; however, mere disagreement
with a Court's order is an insufficient basis for this
Court to reconsider and amend its previous order.  None
of Plaintiffs' reasons for requesting reconsideration
of this Court's recommended deductions with respect to
the time spent on Plaintiffs' Complaints are based on
discovery of new material facts not previously
available, an intervening change in law, or a manifest
error of law or fact.  Accordingly, the Court declines
to reconsider its recommendation to deduct 22.1 hours
of AHFI's time related to the Complaints.

C.   Reasonable Hourly Rates

The Court's reasoning for recommending the rates in
the Original Fees Motion is comprehensively detailed
above in its findings and recommendations related to
Plaintiffs' Supplemental Fees Motion.  Again, the Court
respects Plaintiffs' right to disagree with this
Court's findings on the prevailing market rates in this
community; however, their disagreement with the Court's
recommended rates is not a sufficient basis to request
reconsideration.

In addition, the Court is not persuaded by
Plaintiffs' arguments that this Court's recommended
rates were a deviation from prevailing rates awarded in
this district or based on outdated cases.  Notably,
Plaintiffs are unable to cite to a case in this
district that would support the rates they are
requesting.  Rather, their requested rates exceed rates
awarded by this district for work performed by
attorneys with similar experience between 2014 and
2016.  *See, e.g., Bruser v. Bank of Haw.*, No. CV 14-

00387 LEK-RLP, 2017 WL 1534189, at *1 (D. Haw. Apr. 27, 2017) (adopting the magistrate judge's recommended rates of $260 for an attorney with 18 years of experience, $300 for a partner with 27 years of experience, and $150 for an associate with two years of experience for work performed between 2014-2016); *Honolulu Acad. of Arts v. Green,* No. CV 15-00355 DKW-KSC, 2017 WL 1086224, at *8 (D. Haw. Feb. 28, 2017), *adopted by*, 2017 WL 1091309 (D. Haw. Mar. 21, 2017) (awarding an attorney with 35 years of experience an hourly rate of $350, a partner at a San Francisco firm with 25 years of experience an hourly rate of $325, and a paralegal with 18 years of experience an hourly rate of $90, for work performed between 2015-2016). Accordingly, the Court declines to reconsider the rates it recommended in its July 20 Findings and Recommendation.

     III.  Hawai'i State General Excise Tax

     Although not objected to by Plaintiffs, the Court notes that it inadvertently omitted Hawai'i State

General Excise Tax ("GET") from its recommended award in its July 20 Findings and Recommendations. Accordingly, this Court GRANTS Plaintiffs' Motion to Reconsider to the extent that it recommends that the district court include an award of $15,237.81 for GET in addition to the $323,383.00 it recommended in its July 20 Findings and Recommendation, for a total award of $338,620.81 in fees related to Original Fees Motion. *See Almodova v. City & County of Honolulu*, Civil No. 10-00355 LEK-RLP, 2012 WL 3255140, at *9 (D. Haw. Aug. 8, 2012) ("Generally, it is common practice for district courts to award general excise tax when awarding attorney's fees.")

CONCLUSION

Based on the foregoing, the Court:

(1) GRANTS Plaintiffs' request to supplement Plaintiffs' Motion for Attorneys' Fees and Related Non-Taxable Expenses [ECF No. 126];

(2) FINDS AND RECOMMENDS that the district court award Plaintiffs a total of $40,316.89 related to their

39

Motion for Leave to Supplement Plaintiffs' Motion for

Attorneys' Fees and Related Non-Taxable Expenses [126];

(3) GRANTS IN PART AND DENIES IN PART Plaintiffs'

August 3, 2017 Motion for Reconsideration.  The Court

GRANTS Plaintiffs' Motion for Reconsideration to the

extent that it RECOMMENDS that the district court award

$15,237.81 for GET in addition to the $323,383.00

recommended in the July 20 Findings and Recommendation,

for a total award of $378,937.70 in attorneys' fees for

both the Original Fees Motion and the Supplemental Fees

Motion.[8]  The Court DENIES the Motion for

Reconsideration in all other respects.

No later than September 14, 2017, Plaintiffs or the

State:  (i) may file either a motion for

reconsideration of (2) or objections to (2); and (ii)

may file objections to this Court's July 20, 2017

Amended Findings and Recommendation to Grant in Part

---

[8]  $323,383.00 (fees recommended for the Original Fees
Motion) + $15,237.81 ($323,383.00*4.712% GET) +
$40,316.89 (fees recommended for the Supplemental Fees
Motion)=$378,937.70.

and Deny in Part Plaintiffs' Motion for Attorneys' Fees

and Related Non-Taxable Expenses.

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawai'i, August 31, 2017.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CV14-00399 HG-KJM; *J.E., THROUGH HIS PARENT SUZANNE EGAN, for themselves and on behalf of a class of those similarly situated, et al., v. RACHAEL WONG, in her official capacity as Director of the State of Hawaii, Department of Human Services;* (1) ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENT TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES; (2) FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR SUPPLEMENTAL FEES; AND (3) ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION OF AMENDED FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND RELATED NON-TAXABLE EXPENSES [ECF NO. 167]